(No. 22115.—

LILLIAN KOEHLER, Appellant, *vs.* A CENTURY OF PROGRESS *et al.* Appellees.

*Opinion filed December 22, 1933.*

John O. Wagner, and Max H. Marine, for appellant.

Carnahan & Slusser, and George E. Gorman, (Amos C. Miller, of counsel,) for appellees.

Mr. Justice Stone delivered the opinion of the court:

Appellant filed in the superior court of Cook county a bill seeking an injunction against appellees, A Century of Progress, a corporation, and South Park Commissioners, a municipal corporation, restraining the former from operating an exposition on the public grounds under the jurisdiction of the South Park Commissioners and restraining the latter from consenting to such use of public property. The bill is based on the claim that an act of the General Assembly approved June 18, 1929, entitled, "An act in relation to the Chicago World's Fair Centennial Celebration," is invalid as in violation of numerous provisions of the constitution designated in the bill, and that the ordinance of the South Park Commissioners authorized by the act is likewise void. Notwithstanding the asserted invalidity of the act and the ordinance authorized thereby, the bill, in addition to the prayer for injunctive relief referred to, seeks to have a receiver appointed, and prays that the court may inquire into and determine what constitutes a fair and reasonable compensation to the South Park Commissioners for the use of the public lands on which the exposition is to be conducted, and that "upon the termination of the so-called World's Fair the said receiver shall be directed to pay over to the defendant South Park Commissioners, for the use and benefit of your oratrix and all other tax-payers similarly situated, such sum of money which is to be determined to be reasonable and adequate under the circumstances." Appellees demurred to the bill and their demurrer was sustained. Appellant abiding her bill, same was dismissed for want of equity. She has perfected this appeal.

There is first presented in this case the question whether appellant has a right to bring this suit. She states in her bill that she is a tax-payer and that she brings the suit on behalf of herself and all other tax-payers similarly situated. Her claim is, first, that there is a threatened illegal use of the public property held for the benefit of the public by the South Park Commissioners; and second, that a sum amounting to at least $25,000,000 should be paid for such use of the grounds; that because no such payment is contemplated by the ordinance of the South Park Commissioners granting the appellee corporation use of the public property such fact amounts to a diversion of funds belonging to the public, and that unless such "diversion" is restrained, complainant and other tax-payers will be specially and irreparably damaged "to the extent of the additional taxes they will in consequence of such diversion be compelled to pay," and that appellant having suffered special injury, she is entitled to bring this bill.

Without considering further the inconsistencies existing in the bill and the various prayers for relief, the fundamental question of appellant's right, as a tax-payer, to bring this suit is of first importance in this case. The lands involved here and which are described in the bill are held in trust by the South Park Commissioners for the use of such lands by the public. An obstruction or mis-use of public property which does not result in special injury to the individual cannot be complained of except by the people. To entitle a tax-payer to maintain a bill to enjoin a breach of public trust, he must, in the absence of statutory authority conferring such right, show that he is specially injured thereby. An individual has no standing in equity on account of an injury to the public by the mis-use of property held in trust for the public. He is entitled to invoke equitable jurisdiction only to protect his property from threatened injury, and unless it is shown that he will suffer special damage, different in degree and kind from that

suffered by the public at large, he will not be heard to complain of mis-use of public property. *Carstens* v. *City of Wood River,* 344 Ill. 319; *McCormick* v. *Chicago Yacht Club,* 331 id. 514; *McPike* v. *Illinois Terminal Railroad Co.* 305 id. 298; *Hill* v. *St. Louis and Northeastern Railway Co.* 243 id. 344.

Appellant cites and relies upon *Haas* v. *Lincoln Park Comrs.* 339 Ill. 491. That case, however, is in nowise similar to the case before us and is not applicable here. The rule there laid down and oft repeated is, that equity will at the suit of a tax-payer enjoin public officers from expending public funds to carry out a contract let in violation of law. Illegal expenditure of public funds may always be said to involve a special injury to the tax-payer not suffered by the public at large. No expenditure of public funds is involved in this case as made by the bill, and unless appellant's bill shows a special injury not common to the public generally, her suit is filed without right. As we have seen, the bill alleges that the contract should require payment to the South Park Commissioners of a large sum of money, and that, because this was not done, the appellant and other tax-payers similarly situated suffer in the matter of taxation. Though this point seems not to be particularly stressed in the briefs it is clear that such allegations in the bill do not show special injury to appellant. It may be further observed that the allegation that a large sum of money should be paid for the use of public grounds is indefinite and presents only the conclusion of the pleader, without basis in allegations of fact to support it. There is in this bill no allegation of special injury to appellant that would differ in degree or kind from that suffered by the public at large. Appellant is without right to bring this suit.

The decree of the chancellor sustaining the demurrer to the bill and dismissing the same for want of equity was correct and will be affirmed.

*Decree affirmed.*