John Welter and Frances Welter, Appellants, v. George R. Eaton and Maude C. Eaton, Appellees.

Gen. No. 9,086.

Opinion filed September 3, 1936.

JAMES SORNA, of Chicago, for appellants.

RUNYARD & BEHANNA, of Waukegan, for appellees.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

Appellants were the owners of two lots located in a subdivision known as Lake Marie Highlands. The plat of said subdivision was recorded under date of July 22, 1929, in book "T" of the Plat Records, at pp. 90 and 91, in the office of the recorder of deeds, in Lake county,

Illinois, as document No. 340431, duly certified to by the surveyor, acknowledged by the owners, and approved by the chairman of the committee on subdivisions and plats, of the county board of Lake county.

Appellants instituted this action against appellees, praying for a mandatory injunction to compel appellees to remove certain fences which they had erected upon and across the streets of said subdivision, and for a temporary writ restraining appellees from the building of any additional fences across the streets thereof. The bill further prayed that upon a final hearing appellees be perpetually enjoined from obstructing the streets of said subdivision by the erection of fences upon and across the same. A temporary writ issued as prayed. When the matter came on for final hearing before the chancellor, he entered a decree dismissing appellants' bill of complaint for want of equity, and dissolved the temporary injunction. Appellants prosecute this appeal from the above decree.

Appellants urge a perpetual easement in the lands comprised by the streets shown on said plat, and that such easement was appurtenant to each lot located therein—relying on such cases as *Marshall v. Pfeiffer,* 314 Ill. 286; *Thompson v. Maloney,* 199 Ill. 276, and *Stevenson v. Lewis,* 244 Ill. 147. Appellees admit the building of the fences, and in support of their position rely upon such cases as *Koehler v. Century of Progress,* 354 Ill. 347, and *Hartshorn v. Bierbom,* 312 Ill. 275.

We are of the opinion that a freehold is involved whenever the right of recovery in a suit depends upon the existence of a perpetual easement in lands and the rights thereby acquired. As stated in *Village of Harlem v. Suburban R. Co.,* 198 Ill. 337, at p. 339: "A perpetual easement in lands, or any interest in lands in the nature of such easement, when created by grant, or by any proceeding which is in law equivalent to a grant, constitutes a freehold." To the same effect are *Buck-*

*len v. City of Chicago,* 166 Ill. 451, and *Lobdell v. City of Chicago,* 227 Ill. 218, 239. The case of *Hamilton v. Semet Solvay Co.,* 227 Ill. 501, is a case wherein the facts are very similar to the facts in the case at bar. The trial court in that case dismissed the bill of complaint for want of equity. The complainant below prosecuted an appeal to the Appellate Court. The appeal was dismissed on the ground that it involved a freehold (p. 502). The case was thereafter reviewed by the Supreme Court on writ of error.

Due to the fact that a freehold is involved in this proceeding, by virtue of sec. 86 of the Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 214 (sec. 210, ch. 110, Smith-Hurd 1935), this cause is ordered transferred to the Supreme Court.

*Cause transferred.*