Harry R. Booth, Plaintiff-Appellant, v. Metropolitan Sanitary District of Greater Chicago; Material Service Corporation, a Corporation; Marblehead Lime Company, a Corporation; American Oil Company, a Corporation; Arcole-Midwest Corporation, a Corporation; Ceco Steel Products Corporation, a Corporation; Cory Corporation, a Corporation; R. P. Donohoe Co., Inc., a Corporation; Hannah Inland Waterways Corporation, a Corporation; Lemont Manufacturing Corporation, a Corporation; National Boulevard Bank of Chicago, as Trustee; Publicker Chemical Corporation, a Corporation; Reclamation Construction Corporation, a Corporation; Tim, Inc., a Corporation; Tower Cabana Club, Inc., a Corporation; Union Tank Car Company, a Corporation; Frank W. Chesrow, et al., Defendants-Appellees.

Gen. No. 50,062.

First District, Second Division.

January 24, 1967.

Rehearing denied April 5, 1967.

Harry R. Booth, pro se, of Chicago (Sheldon L. Baskin, of counsel), for appellant.

George A. Lane, of Chicago (Fred Herzog, of counsel), for Metropolitan Sanitary District of Greater Chicago and Frank W. Chesrow, appellees.

Sidney Baker, of Chicago (Fred Herzog, of counsel), for George A. Lane and Joseph Rubens, appellees.

Fred Herzog, of Chicago, for Metropolitan Sanitary District of Greater Chicago, Frank W. Chesrow, George A. Lane and Joseph Rubens, appellees.

Albert E. Jenner, Jr., Kenneth J. Burns, Jr., Keith F. Bode and Eugene T. Noonan, of Chicago (Raymond, Mayer, Jenner & Block, of counsel), for Arcole Midwest Corporation, Nathan Bederman, Ceco Steel Products Corp., Lemont Mfg. Corp., Material Service Corp., Marblehead Lime Company, Tower Cabana Club, Inc., R. P. Donohoe Co., Inc. and Reclamation Construction Corp., appellees.

Thomas F. Scully, of Chicago (Kirkland, Ellis, Hodson, Chaffetz & Masters, of counsel), for American Oil Company, appellee.

Edwin A. Rothschild and Richard Harris, of Chicago (Sonnenschein, Levinson, Carlin, Nath & Rosenthal, of counsel), for Cory Corporation, appellee.

Lee A. Freeman, of Chicago, for Publicker Chemical Corp., appellee.

McConnell, Curtis and McConnell, of Chicago, for Union Tank Car Company, appellee.

Brundage & Short, of Chicago, for Hannah Inland Waterways Corp., appellee.

Joseph I. Bulger, of Chicago, for National Boulevard Bank of Chicago, Trust No. 478, appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

This is an appeal from the dismissal of an amended complaint filed by plaintiff, pro se, as a taxpayer. The grounds for dismissal were (1) that plaintiff lacked capacity to sue and (2) that there was multifariousness in the cause of action.

Plaintiff filed a voluminous complaint, which was later amended. The gist and gravamen of the amended complaint alleges that plaintiff is a taxpayer and resident of the City of Chicago, County of Cook, State of Illinois; that the action is brought on behalf of all taxpayers within the above area; that the Metropolitan Sanitary District revenues are provided primarily by taxes; that the district also receives revenues from the sale of sludge and spoil bank and rentals from land leased; that rentals received defray taxes, which in turn lowers taxes upon property of owners in the area; that rentals from certain leases, entered into during 1963 and the five years prior thereto, were inadequate; that the above inadequate rentals result from a fraudulent conspiracy among the district, certain of its officials and the lessees; that, but for this conspiracy, taxes would be reduced by one and a half million to two and a half million dollars annually; that irreparable injury to plaintiff has occurred and will continue to occur; that the real estate department of the district has annual expenses of at least One Hundred Thousand Dollars ($100,000) as a result of these leases; and that these expenses are not reimbursed by the lessees.

Plaintiff in his prayer asks (1) for a declaration that the leases are void; (2) that an accounting take place with respect to all leases; (3) that an order be entered requiring lessee defendants to pay adequate rental; and (4) that an injunction be entered against the collection of the aforesaid illegal taxes.

Motions to dismiss the complaint were filed by the various defendants and sustained by the court on April 25, 1964. Subsequently, the plaintiff filed an amended complaint on May 3, 1964. Thereafter, motions to dismiss the amended complaint were filed by the various defendants. A motion for a change of venue was filed on June 10, 1964, by plaintiff. On June 12, 1964, the court

entered an order denying plaintiff's motion for a change of venue and continued oral argument to June 17, 1964. On June 18, 1964, the court entered its final order and decree dismissing the amended complaint. This appeal is, in substance, from the above two orders entered by the lower court.

It is plaintiff's theory of the case (1) that the change of venue should have been granted; (2) that he has standing to bring this suit in that a taxpayer can obtain relief for losses suffered by the district taxpayers as a result of the expenditures unlawfully and fraudulently made; (3) that there is no multifariousness in the cause of action; and (4) that the amended complaint states a cause of action.

Defendants' theory of the case is (1) that the denial of the change of venue was proper; (2) that plaintiff lacks capacity to sue in that plaintiff has not suffered special damages; (3) that there is multifariousness in the cause of action; and (4) that the amended complaint fails to state a cause of action.

 At the outset, we agree with defendants that the denial of the motion for a change of venue was proper. The statutes authorize a change of venue in all civil cases. An application for change of venue, however, must be made at the earliest practicable moment. An application made after a hearing begins is not timely, particularly after the trial judge has made several rulings adverse to the party seeking the change. Tidwell v. Smith, 57 Ill App2d 271, 273, 205 NE2d 484 (1965); Swanson v. Randall, 30 Ill2d 194, 198, 195 NE2d 656 (1964). In the instant case the motion for the change of venue was not timely in that considerable argument had taken place in respect to the defendants' motions to dismiss and the court had in fact dismissed plaintiff's complaint. The chancellor did not abuse his discretion in denying plaintiff's motion for a change of venue.

■ In response to plaintiff's second contention that he has standing to sue, defendants argue that the case of Koehler v. Century of Progress, 354 Ill 347, 188 NE 445 (1933) disposes of the problem. In that case a taxpayer filed a suit, seeking an injunction against "A Century of Progress," a corporation, and the South Park Commissioners, a municipal corporation, for the purpose of restraining the former from operating an exposition on the public grounds under the jurisdiction of the South Park Commissioners and restraining the latter from consenting to such use of public property. The bill alleged that the ordinance of the South Park Commissioners, which was authorized by an act of the Illinois Legislature and which granted to the aforementioned private corporation the use of public property without any compensation, was illegal. The bill also averred that such use of public property without compensation by the private user amounted to a diversion of public funds and that in consequence thereof the complainant and other taxpayers would be specially and irreparably damaged to the extent of the additional taxes they would be compelled to pay. The Supreme Court affirmed the decree of the trial court sustaining a demurrer to the bill and dismissing it for want of equity and declared:

> Without considering further the inconsistencies existing in the bill and the various prayers for relief, the fundamental question of appellant's right, as a taxpayer, to bring this suit is of first importance in this case. The lands involved here and which are described in the bill are held in trust by the South Park Commissioners for the use of such lands by the public. An obstruction or misuse of public property which does not result in special injury to the individual cannot be complained of except by the people. To entitle a tax-payer to maintain a bill to enjoin a breach of public trust,

he must, in the absence of statutory authority conferring such right, show that he is specially injured thereby. An individual has no standing in equity on account of an injury to the public by the mis-use of property held in trust for the public. He is entitled to invoke equitable jurisdiction only to protect his property from threatened injury, and unless it is shown that he will suffer special damage, different in degree and kind from that suffered by the public at large, he will not be heard to complain of mis-use of public property. Carstens v. City of Wood River, 344 Ill 319; McCormick v. Chicago Yacht Club, 331 id. 514; McPike v. Illinois Terminal Railroad Co., 305 id. 298; Hill v. St. Louis and Northeastern Railway Co., 243 id. 344.

. . . . . .

. . . the bill alleges that the contract should require payment to the South Park Commissioners of a large sum of money, and that, because this was not done, the appellant and other tax-payers similarly situated suffer in the matter of taxation. Though this point seems not to be particularly stressed in the briefs it is clear that such allegations in the bill do not show special injury to appellant.

The case of Droste v. Kerner, 34 Ill2d 495, 217 NE2d 73 (1966) reiterates the principle enunciated in Koehler as to the misuse of public property. In Droste the legislature enacted legislation allowing 194.6 acres of land submerged beneath the waters of Lake Michigan, to be granted, quit-claimed, and conveyed in fee to the United States Steel Corporation, with the proviso that the grant was to become effective (1) when the corporation paid $19,460 to the State Treasurer, and (2) when the Chicago Park District had conveyed all of its right, title and interest in the submerged lands to

the State of Illinois. Plaintiff, Droste, instituted two separate taxpayer actions to enjoin the sale. One action was purportedly brought under authority derived from the Public Moneys Act, which permits a taxpayer to initiate an action to enjoin the disbursement of public funds and public moneys by State officials. The second action alleged the constitutional invalidity of the legislation authorizing the conveyance. The court held that a taxpayer has no standing in equity to enjoin an alleged misuse of public property in that he must show special damage, different in degree and kind, from that suffered by the public at large. We feel that the above two cases are dispositive of the instant situation.

Plaintiff contends, however, that despite the above decisions, he does not have to allege or prove any special damages. Plaintiff's contention is based on his argument that the instant case is distinguishable from Koehler and/or Droste. Plaintiff first argues that only general allegations of wrongdoing were asserted in Koehler, whereas allegations of fraud were alleged in the present action. An examination of Koehler reveals that the allegations of wrongdoing raised in that case were sufficient to raise the issue of fraud.

Plaintiff next argues that the instant situation involves gross inadequacy of rentals, whereas in the Koehler case, the inadequacy of the rentals was not argued seriously. An examination of Koehler reveals that this argument was presented to the court. The court specifically stated that Mrs. Koehler did not have standing to attack leases of public property on the grounds that the rentals were inadequate.

Plaintiff also argues that the cases cited in Koehler related solely to the obstruction and physical misuse of public property and not the misuse of public funds. Again, an examination of Koehler reveals that the court, after reviewing these cases, decided both that a taxpayer has no standing to attack leases of public prop-

erty on the grounds they are a misuse of property and also that a taxpayer as such has no standing to attack the validity of leases of public property on the grounds that the rentals were inadequate.

Plaintiff next argues that in both Koehler and Droste only one parcel of property was involved, that the disposition was authorized by specific legislative acts and that such authority is not present in the instant case. We disagree. We feel there is implied authority vested in the Metropolitan Sanitary District to make leases on the various pieces of property owned by the district. Specific legislative approval to dispose of or lease property is not required.

Plaintiff also argues that the lessee in Koehler was a not-for-profit corporation. We do not feel this fact was controlling. The court dismissed the case because of plaintiff's lack of standing. The court did not raise the issue of whether or not the lease was for a proper public purpose.

The other arguments raised by plaintiff in an attempt to distinguish Koehler from the case at bar have been examined by us and are without merit.

Plaintiff's second contention is that he has suffered the necessary special damages as a prerequisite to the maintenance of this action.

Taxpayers' suits in Illinois are allowed, apart from certain instances of statutory authorization, only if they are designed to (a) enjoin unlawful expenditures (Fergus v. Russel, 270 Ill 304, 110 NE 130 (1915)); (b) bring about an accounting of public funds wrongfully withheld or retained by public officials (Jones v. O'Connell, 266 Ill 443, 107 NE 731 (1915)); (c) enjoin the levying of illegal taxes (Knopf v. First Nat. Bank of Chicago, 173 Ill 331, 50 NE 660 (1898)); or (d) enjoin the issuance or payment of general revenue bonds (Wright v. Bishop, 88 Ill 302 (1878)).

Plaintiff argues that the district's outlay for maintenance of the real estate department was an illegal ex-

318

penditure. We disagree. We find that the outlay for the maintenance of the district's real estate department consists of many tasks other than the maintenance of the leased property. Furthermore, this argument was raised in Droste and rejected on the grounds that it was (1) conjectural and (2) de minimis.

Plaintiff next argues that public funds were withheld wrongfully by public officials of the district and that an accounting is warranted. There is no allegation in plaintiff's amended complaint that district officials wrongfully retained or illegally expended funds. Jones v. O'Connell, 266 Ill 443, 107 NE 731 (1915).

Furthermore, plaintiff's attempt to amend his amended complaint on appeal must be rejected. Under Section 92 of the Civil Practice Act, a reviewing court may, at its discretion, exercise all or any of the powers of amendment of the trial court. Section 46(3) of the Civil Practice Act provides, "a pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just." These provisions have been interpreted as allowing an amendment to the pleadings in order to conform to the proofs submitted in the lower court. Kijowski v. Kijowski, 36 Ill App2d 94, 183 NE2d 583 (1962). Here, however, no evidence was presented in the lower court and the motion to amend the amended complaint is disallowed.

Finally, plaintiff argues that the rentals being inadequate, the district is forced to levy higher taxes, and that the levy of higher taxes make them illegal. This same argument was raised in Koehler and rejected. In view of our holdings, there is no need to discuss the other arguments raised by the parties and the judgment is affirmed.

Judgment affirmed.

BURKE, and BRYANT, JJ., concur.