Harry R. BOOTH, Plaintiff-Appellant,

v.

LEMONT MFG. CORP., Ceco Steel Products Corp., Publicker Chemical Corp., American Oil Co., Union Tank Car Co., HKH Development Corp., Corn Products Co., Metropolitan Sanitary District of Greater Chicago, Defendants-Appellees.

No. 18121.

United States Court of Appeals,
Seventh Circuit.

Jan. 28, 1971.

Rehearing Denied March 29, 1971.

Harry R. Booth, Chicago, Ill., for appellant.

Richard J. Troy, Fred Herzog, Roger W. Barrett, Leo A. Freeman, Francis J. McConnell, Chicago, Ill., for other appellees.

Allen S. Lavin, Chicago, Ill., for Metropolitan Sanitary District of Greater Chicago.

Albert E. Jenner, Jr., Edward R. Johnson, Keith F. Bode, Leah S. Hamilton, Chicago, Ill., Jenner & Block, Chicago, Ill., for Lemont Mfg. Co. and Ceco Corporation.

Thomas F. Scully, Chicago, Ill. for American Oil Co.; Kirkland, Ellis, Hod-

son, Chaffetz & Masters, Chicago, Ill., of counsel.

Before SWYGERT, Chief Judge, MAJOR, Senior Circuit Judge, and KERNER, Circuit Judge.

KERNER, Circuit Judge.

■ Plaintiff-appellant, Harry R. Booth, in 1968 brought a class action suit in the district court on behalf of himself as a citizen and Illinois municipal taxpayer, and all other municipal taxpayers similarly situated, against Lemont Mfg. Corp., other private corporations and the Metropolitan Sanitary District of Greater Chicago (District). The defendant private corporations are long term lessees (50–99 years) of real estate leased to them by the defendant District. Plaintiff alleges that the execution of these leases without competitive bidding, provisions for periodic redetermination of rentals, and other safeguards that the District as trustee of the land for the benefit of Illinois citizens should have employed, resulted in taking the class members' equitable interest[1] in public property without due process of law. In addition, plaintiff's complaint alleges that the dismissal in the State court of an identical action against all but two of the named defendants herein, because plaintiff's injury did not qualify for standing pursuant to the State of Illinois' "special injury rule" requirement,[2] violated plaintiff's constitutional rights of equal protection.

Plaintiff asked the district court to declare the leases illegal and void or that they be reformed in accordance with their true value. Count II of plaintiff's complaint requested a declaratory judgment invalidating, in addition to the leases in question, seventy-five other leases held by persons or corporations which have not been made parties to the litigation. Plaintiff Booth asserted federal jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(3).

The district court granted defendants' motion to dismiss on the bases that plaintiff's complaint failed to allege a claim that was cognizable under federal jurisdiction and that even if a claim were established pursuant to 28 U.S.C. § 1331, plaintiff's complaint failed to satisfy the requisite $10,000 jurisdictional amount. Plaintiff Booth appeals from this dismissal. We affirm the action of the district court on the basis that plaintiff has failed to allege a claim that is recognizable under federal law.[3]

■ Plaintiff's claim that the leases set inadequate rentals and should be reassessed to reflect their true value is not cognizable under either 28 U.S.C. § 1343(3) or 28 U.S.C. § 1331. Section 1343(3) confers federal jurisdiction without regard to jurisdictional amount, upon an action commenced:

(3) To redress the deprivation under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or all persons within the jurisdiction of the United States.

The law is clear, however, that § 1343 confers jurisdiction upon claims based

---

1. Plaintiff's complaint alleged that the class involved was comprised of all the Metropolitan Sanitary District of Greater Chicago taxpayers, approximately 1,000,000 in number.

2. The judicially created Illinois special injury rule establishes:
   That an individual, be he a taxpayer * * * or a property owner * * * in the absence of statutory authority conferring such right, has no standing in equity to enjoin an alleged misuse of property held in trust for the public, unless he alleges and proves that he will

suffer special damage, different in degree and in kind from that suffered by the public at large. Droste v. Kerner, 34 Ill.2d 495, 504, 217 N.E.2d 73, 79 (1966).
This rule has now been abolished and special injury need no longer be shown to provide the requisite standing. Paepcke v. Public Building Comm., 46 Ill.2d 330, 341, 263 N.E.2d 11 (1970).

3. Consequently, we need not reach the question of whether the separate claims of the class members can be aggregated to achieve the jurisdictional amount.

upon infringement of "personal rights" not property rights. Ream v. Handley, 359 F.2d 728 (7th Cir. 1966); McManigal v. Simon, 382 F.2d 408 (7th Cir. 1967), cert. denied 390 U.S. 980, 88 S.Ct. 1099, 19 L.Ed.2d 1276 (1968). We find that plaintiff's claim for a reassessment of the rental value of the District property is a claim based on alleged property rights, whether equitable or legal, and not recognizable under § 1343(3).

■ Booth's primary jurisdictional contention is that the execution of leases by municipal corporations with private citizens or corporations for grossly inadequate rentals, deprives municipal taxpayers of property without due process of law and, therefore, federal jurisdiction is conferred by 28 U.S.C. § 1331(a). We disagree. Federal courts have been very reluctant to interfere with the administration of municipal affairs. In Owensboro Waterworks Co. v. City of Owensboro, 200 U.S. 38, 26 S.Ct. 249, 50 L.Ed. 361 (1906), a municipal taxpayer complained that the municipal corporation had diverted or would divert certain funds collected from taxpayers for a specific object, and that the failure to apply these funds properly might ultimately cause increased taxation. The taxpayer asserted that this situation deprived it of its property without due process of law. The Supreme Court held that these allegations, even if proved, would not show any deprivation of due process or violation of other federal rights.

But no right involved in the present case has its origin in, or is secured by, the Constitution of the United States. * * * The plaintiff, however, complains that the defendant city has not properly discharged its duties under the laws of the state. For the purposes of the present discussion, let this be taken as true; still, maladministration of its local affairs by a city's constituted authorities cannot rightfully concern the national government, unless it involves the infringement of some Federal right. If the city authorities have received funds from taxation which ought strictly to have been applied to take up or cancel the bonds of the city, but have been used for other municipal purposes, and if, by reason of such misapplication of those funds, taxation may ultimately come upon the people for an amount beyond what the legislature originally intended,—if nothing more can be said,—the remedy must be found in the courts and tribunals of the state * * *. And there is here no deprivation of property without due process of law within the meaning of the 14th Amendment, even if it be apprehended that the defendant city may, at some future time, impose a tax in violation of its duty under the laws of the state.

*Id.* at 45–46, 26 S.Ct. at 251–252.

Similarly, in Otto v. Somers, 332 F.2d 697 (6th Cir. 1964), cert. denied 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703 (1965), a municipal taxpayer complained of past and threatened illegal expenditures by the municipality, and alleged that these violated his fourteenth amendment rights. The court of appeals afffirmed a dismissal for lack of federal jurisdiction, because the allegations did not show any injury to constitutional rights.

If such funds have been so wrongfully expended or misapplied—a species of conduct of which we are entirely without knowledge—then a cause of action may exist in favor of the municipal corporation. In such a case, if the municipality or the municipal authorities refuse to act in bringing such an action, after a proper request, a taxpayer might bring suit for the benefit of the municipality—if there is a right in the municipal corporation to prosecute such an action. But the recovery of funds in such an instance is for the benefit of the municipality. An action in the case above outlined would be a taxpayer's suit for the benefit of the municipality. There is no jurisdiction under the federal constitution or the federal statutes to entertain appellant's suit herein, even if

it were to be considered a taxpayer's suit for the benefit of the municipality.

*Id.* at 701.

We fail to see how the allegations in plaintiff's complaint challenging the leasing procedures of the Metropolitan Sanitary District of Greater Chicago raises sufficient constitutional questions to invoke the exercise of federal jurisdiction. To hold otherwise would place the internal operations of a municipality under the supervision of the federal courts, a result which we do not think advisable in the context of the present factual situation.

■■ Further, Booth argues that jurisdiction was conferred upon the district court on the basis of his allegation that the Illinois special injury rule violated the equal protection clause of the United States Constitution. In 1963, plaintiff filed a taxpayer's action in the Circuit Court of Cook County, joining as defendants, among others the Sanitary District and all the lessee-defendants in this action except Corn Products Company and HKH Development Corporation. That action complained of the same lease transactions which are the subject of the complaint in the instant case, asserting that the leases were invalid and the past and future rentals inadequate. This action was dismissed on the principal ground that Booth as a taxpayer had no cause of action since he had not suffered any injury different in kind or degree from that suffered by all other members of the general public and, therefore, did not qualify under the requirements of the Illinois special injury rule. This dismissal was affirmed by the Illinois Appellate Court. Booth v. Metropolitan Sanitary District, 79 Ill.App.2d 310, 224 N.E.2d 591 (1967). Plaintiff did not seek to appeal the appellate court's affirmance to the Illinois Supreme Court nor did he raise at either the trial level or appellate level a challenge to the constitutionality of the Illinois special injury rule. Consequently, assuming but not deciding that plaintiff's challenge to the Illinois special injury rule would be sufficient to provide the requisite federal jurisdiction to allow the district court to decide the merits of his law suit,[4] we find that the plaintiff was estopped from raising this contention in a new law suit in the federal district court. If plaintiff was dissatisfied with the dismissal of his state court action, his proper course was to seek review from the Illinois Supreme Court and then the United States Supreme Court, not to collaterally attack the State court proceeding by instituting a new action in the federal district court. As the Supreme Court stated in Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947):

> If a litigant chooses not to continue to assert his rights after an intermediate tribunal has decided against him, he has concluded his litigation as effectively as though he had proceeded through the highest tribunal available to him. * * * He cannot begin all over again in an action involving the same issues before another forum in the same State.

*Id.* at 189–190, 67 S.Ct. at 661.

Subsequent to oral argument, defendant-appellee HKH Development Corporation made a motion that this court assess plaintiff-appellant Booth damages and double costs for this appeal. We deny said motion.

The dismissal of plaintiff-appellant Harry R. Booth's amended complaint by the district court for lack of federal jurisdiction is affirmed.

Affirmed.

---

4. Defendants raise a substantial question of whether a challenge to the special injury rule could confer federal jurisdiction regardless of the estoppel problem since the rule would be raised as a defense to plaintiff's law suit. An action is not based on federal law for jurisdictional purposes merely because the plaintiff anticipates that some allegedly unconstitutional defense will be raised to his claim. See *e. g.*, Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).