Diane Joseph, Plaintiff-Appellant, *v.* Z. Albert Joseph, Defendant—
(Adolph L. Haas *et al.*, Respondents-Appellees.)

(No. 56440;

First District (3rd Division)—November 1, 1973.

Elmer Gertz, of Chicago, (Wayne B. Giampietro, of counsel,) for appellant.

Norman Becker, of Chicago, (Adolph L. Haas, of counsel,) for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Diane Joseph, filed a petition for post-decree relief challenging the distribution of an escrow account held by respondents, her former attorneys, under the terms of a property settlement contained in a decree of divorce. The circuit court of Cook County dismissed plaintiff's petition and she prosecutes this appeal against respondents. Defendant, plaintiff's former husband, is not a party to the appeal.

Plaintiff's petition claimed that respondents had improperly disbursed funds which they held in escrow under the terms of the property settlement agreement. On March 25, 1970, the divorce decree, containing the agreement, was entered. In addition to an award of $140,000 to be paid to plaintiff in five annual installments in lieu of alimony, the agreement provided in paragraph 17 that defendant would deposit $50,000 with respondents as escrowees. Paragraph 17 went on to recite:

"The said escrowees shall pay from said sum bills incurred by the Wife as aforesaid subsequent to January 1, 1969, attorneys' fees and costs incurred by the said Wife as aforesaid, as well as certain other obligations for the benefit of the Wife. The Wife agrees upon the execution of this Agreement and upon the effective date of said Agreement to release the Husband from any and all liability or responsibility which he may have to see to the application of the said sum of Fifty Thousand Dollars ($50,000.00), and the Wife further agrees that she shall see to the said application of the funds so deposited to the escrowees. The Escrowees shall disburse the said funds as set forth on Exhibit E hereto attached and made a part hereof. The Wife further agrees to indemnify and save harmless the Husband from any liability whatsoever for any family expenses or other obligations which may have been incurred by the Wife subsequent to January 1, 1969

and in the event it becomes necessary for the Husband to pay any such obligations or to incur expenses in connection with payment thereof the Wife shall immediately reimburse the Husband from any such sums or the Husband shall have the right to deduct any such amounts so paid from the payments due the Wife from the Husband as and for a lump sum payment  *  *  *."

Exhibit "E" consisted of three pages of bills in the amount of $8,740.38.

In 1971 plaintiff filed the instant petition charging that respondents had received the $50,000 from defendant, that they had not paid all the bills contained in Exhibit "E", and that they had refused to pay any of the household expenses subsequent to January 1, 1969. The petition also claimed that defendant had deducted approximately $7,000 from his settlement payment and sought a determination as to the propriety of that action. The petition asked that if defendant's action be deemed proper, then respondents should be liable to plaintiff for the deducted amount on the ground that they were obligated to pay the expenses from the escrow account.

Respondents filed an answer to the petition stating that they had discharged their only obligation under the decree by disbursing the funds as set forth in Exhibit E. They further stated that a court order of July 6, 1970 had found that respondents fully complied with paragraph 17 of the decree, thereby barring plaintiff's petition.

On June 9, 1970, respondents had filed a petition charging that defendant had deposited only one-half of the $50,000, and requesting that he be ordered to pay the remaining amount pursuant to the decree. On July 6, 1970, Judge Sidney A. Jones, Jr. entered an order reciting that defendant had turned over the remaining $25,000 to respondents. The order also stated that defendant charged that he was being harassed by certain creditors listed in Exhibit E, and respondents were directed to file with defendant's attorney evidence of payment of the bills listed in Exhibit E, and respondents' petition was dismissed. Respondents' copy of the order bore an "O.K." and apparently the initials of defendant's attorney.

On July 1, 1971, plaintiff's petition came up for assignment. Defendant's attorney asked the assignment judge for a continuance on the ground that he was not ready to proceed. Plaintiff's counsel joined in the request because he believed defendant was a necessary party to the hearing on the petition. The assignment judge, however, denied the motions for continuance, and the matter was referred to Judge Brown for hearing.

The parties appeared before the trial judge, and defendant's counsel again requested a continuance. Plaintiff's counsel joined in the request

stating that the claims against defendant and respondents were inseparable. The judge asked what the issues were and a lengthy discussion, involving respondents, their attorney, plaintiff's counsel and defendant's counsel, ensued. The court sought to determine whether the matters were inseparable and whether testimony would be required since the petition was based on written documents. On behalf of plaintiff, counsel argued that respondents were required to pay all expenses incurred by the plaintiff subsequent to January 1, 1969, and that the payments were not restricted to the obligations enumerated in Exhibit E. It was plaintiff's position, therefore, that the settlement agreement was ambiguous so that testimony would be required.

Respondents replied that the matters against them were separable from the claim against defendant because the claim against respondents could be resolved by a determination of whether they as escrowees were required to pay any obligations other than those listed in Exhibit E. Respondents also brought to the attention of the court the existence of a supplemental agreement between them and plaintiff. Although it does not appear that this side agreement was ever introduced into evidence, a copy was attached to respondents' answer to plaintiff's petition. The agreement recited that respondents agreed with plaintiff that they would pay from the $50,000 any bills which defendant would be permitted to deduct from the settlement. In court one of the respondents charged that the side agreement had been fraudulently altered after its execution, apparently by plaintiff. The trial court asked plaintiff to produce her copy of the side agreement later that day and the court recessed for lunch.

During the course of the proceedings that morning, no witnesses were sworn so no testimony actually was taken. The judge did indicate, however, that the issues in the petition which were directed against respondents were separable but that, in any case, the agreement was not ambiguous and would not require the taking of testimony. The court stated that the side agreement might create an ambiguity so as to require parol evidence.

When the proceedings resumed that afternoon, the court ascertained that plaintiff had not produced her copy of the side agreement. At that point, plaintiff's counsel orally moved for a change of venue on the ground of prejudice. The trial court denied plaintiff's motion because it was untimely in that the court already had made rulings on the merits of the case. The court learned from plaintiff's counsel that plaintiff's original copy of the side agreement was at the Chicago Bar Association. The matter was continued to July 9, 1971.

On July 8, 1971, plaintiff's counsel appeared before the court and presented a written motion for a change of venue on the ground that

the judge could not give plaintiff an impartial hearing. The motion also recited that, while respondents were allowed to address the court at the previous hearing, plaintiff had been physically restrained from addressing the court or conversing with her counsel. Upon receiving the written motion for a change of venue, the judge cited plaintiff's counsel for direct contempt of court for having presented a motion which had already been submitted once and denied. The court also denied the motion for a change of venue.

When the proceedings reconvened the following day, the court conducted a hearing into plaintiff's allegation that she had been physically restrained at the earlier hearing. Before taking testimony, the judge observed that, while improper for lay litigants to do so, it is proper for attorney-litigants to address the court directly, rather than through counsel. Plaintiff and her present husband, Harold Pick, then testified that at the hearing of July 1 a bailiff physically separated them, and that they were physically restrained from talking to their attorney or to the court. During cross-examination, plaintiff admitted that she had been escorted from the assignment judge's courtroom for objecting to his denial of her request for a continuance. A deputy sheriff testified that several times during the hearing of July 1, she insisted that plaintiff and her husband stop talking and remain seated. The trial court again denied the motion for a change of venue. Subsequently, the court dismissed plaintiff's petition, finding that respondents' obligations were limited to those listed in Exhibit E and that it had already been determined by another judge that those obligations had been satisfied.

Plaintiff urges this court to reverse the order of the trial court on the following grounds: the trial court erred in denying plaintiff's motion for a change of venue; the trial court erred in finding that plaintiff's action was barred by an earlier order entered by another judge; that the trial court denied plaintiff a proper hearing on the merits of her petition; and that, during the hearing on the petition for a change of venue, the trial court improperly directed the court reporter to delete matter from the transcript, thereby depriving plaintiff of her right to an adequate appeal.

■■ Plaintiff's initial contention is that the court erred in denying her motion for a change of venue. The right to a change of venue on account of the prejudice of the trial court is absolute as long as the requirements of the statute are met. (*Roherty v. Green* (1965), 57 Ill.App.2d 362, 206 N.E.2d 756.) However, the right to a change of venue does not extend beyond the time at which the judge has indicated a position or made a ruling on a substantive issue in the cause. (*Barnes v. Peoples Gas Light & Coke Co.* (1968), 103 Ill.App.2d 425, 243 N.E.2d 855.) This is true

particularly where the trial judge has made several rulings adverse to the party seeking the change. *Booth v. Metropolitan Sanitary Dist.* (1967), 79 Ill.App.2d 310, 224 N.E.2d 591.

■■ In the present case, the trial court, prior to plaintiff's initial motion for a change of venue, indicated both that the matters against defendant and respondents were separable and that the portion of the property settlement agreement involved in the petition was unambiguous. Irrespective of the correctness of these rulings, the fact remains that they constituted substantive determinations by the trial court. Consequently, the motions for a change of venue were not timely, and the court did not err in their denial. Since plaintiff's counsel immediately upon appearance before the court requested a continuance on the matter, the record does not support the trial court's announced belief that counsel was seeking to ascertain the judge's position on some important issues and then claiming a right to a change of venue. However, plaintiff's counsel voluntarily participated in a long discussion on the issues with the court during which time the court's position became apparent. The subsequent request for a change of venue, therefore, came too late.

We shall next consider plaintiff's contention that the trial court improperly found that her petition for relief was barred by the earlier order of Judge Jones. The earlier action was grounded on a petition by respondents against defendant to compel him to turn over the entire $50,000 into the escrow. Defendant complied in open court and then claimed that some of the creditors enumerated in Exhibit E were harassing him. Judge Jones ordered respondents to comply with the agreement, show proof of their compliance, and dismissed respondents' petition.

■■ In order to constitute a bar to a subsequent action, a former adjudication must involve the same parties, and the cause of action must be the same in both proceedings. (*People v. Kidd* (1947), 398 Ill. 405, 75 N.E.2d 851.) In the instant case, plaintiff was not a party to the earlier action, and her present petition cannot be barred by the prior order. Furthermore, that order merely directed respondents to comply with the agreement. It made no findings that respondents had complied with the property agreement. Even if it could be concluded that the earlier order found that respondents had paid all obligations listed in Exhibit E, the present petition claimed that there were other obligations which respondents had not paid, although obliged to do so. The trial court erred in holding that Judge Jones' order was res judicata of the present petition.

Plaintiff next contends that the trial court denied plaintiff a proper hearing on the merits of her petition. Plaintiff maintains that the

proceedings were inadequate since no witnesses were sworn and no evidence was offered or admitted into evidence. Under this heading, plaintiff argues that the property settlement agreement in question is ambiguous and requires the introduction of extrinsic evidence to adequately determine the rights of the parties.

■■ Where an ambiguity exists in a contract, a court must turn to extrinsic evidence to determine the intention of the parties and to aid the court in reaching a proper interpretation. (*Coney v. Rockford Life Insurance Co.* (1966), 67 Ill.App.2d 395, 214 N.E.2d 1.) In our view, the present property settlement agreement is ambiguous and requires introduction of extrinsic evidence to determine respondents' obligations as escrowees. One portion of the agreement refers to the obligation of respondents to pay, out of the escrow account, "bills incurred by the Wife as aforesaid subsequent to January 1, 1969, attorneys' fees and costs incurred by the said Wife as aforesaid, as well as certain other obligations for the benefit of the Wife." Later the agreement recites that "the escrowees shall disburse the said funds as set forth on Exhibit 'E'." The supplemental agreement between respondents and plaintiff states that respondents shall pay any bills the defendant is entitled to deduct from the $50,000 deposited with them.

It seems clear that an evidentiary hearing is necessary to determine respondents' obligations under the agreement. The record supports plaintiff's claim that no formal hearing was conducted. Although respondents made factual allegations, no testimony was taken by the trial court; no witnesses were sworn; no evidence was admitted. Since such evidence was required to interpret those portions of the property settlement agreement which were raised by plaintiff's petition, the trial court's order dismissing plaintiff's petition must be reversed and the cause remanded for an orderly and impartial hearing.

Because of our finding with respect to the adequacy of the hearing conducted by the trial court, we find it unnecessary to discuss plaintiff's contention that the trial court, by instructing the court reporter to delete certain statements from the record, deprived her of adequate review.

For the reasons stated, the order of the circuit court of Cook County dismissing plaintiff's petition is reversed, and the cause is remanded for a hearing consistent with the holdings of this opinion.

Order reversed and remanded.

DEMPSEY, P. J., and McGLOON, J., concur.