## SCOTT ET AL. *v.* FRAZIER ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF NORTH DAKOTA.

No. 508.  Argued April 19, 20, 1920.—Decided June 1, 1920.

A suit by taxpayers to enjoin payment of public moneys and issuance of bonds by a State, in which jurisdiction is invoked solely because of alleged violation of their constitutional rights, cannot be entertained by the District Court if it is not alleged that the loss or injury to any complainant amounts to $3,000.  P. 244.

258 Fed. Rep. 669, reversed.

THE case is stated in the opinion.

*Mr. N. C. Young, Mr. Tracy R. Bangs* and *Mr. C. J. Murphy* for appellants.

*Mr. S. L. Nuchols* and *Mr. W. S. Lauder,* with whom *Mr. William Langer,* Attorney General of the State of North Dakota, was on the brief, for appellees.

*Mr. Frederic A. Pike,* with whom *Mr. William Lemke* was on the brief, for Frazier, Governor, Hagan, Commissioner of Agriculture and Labor, and the Industrial Commission of North Dakota, appellees.

Memorandum opinion by direction of the court, by MR. JUSTICE DAY.

This suit so far as the merits are concerned is like No. 811, just decided, *ante*, 233. It was brought in the District Court of the United States for the district of North Dakota to enjoin the payment of public funds in the State Treasury and the issuing of state bonds under the constitution and laws of North Dakota. We have sufficiently stated the nature of this constitution and the laws involved in the opinion in No. 811.

The jurisdiction was invoked because of alleged violation of rights under the Fourteenth Amendment. The complainants were taxpayers of North Dakota who alleged that suit was brought on behalf of themselves and all other taxpayers of the State. There was no diversity of citizenship and jurisdiction was rested solely upon the alleged violation of constitutional rights. The District Court rendered a decree dismissing the bill on the merits, the judge stating that he was of opinion that there was no jurisdiction and directing the dismissal on the merits to prevent delay and to permit the suit being brought here by a single appeal.

There is no allegation that the loss or injury to any complainant amounts to the sum of $3,000. It is well settled that in such cases as this the amount in controversy must equal the jurisdictional sum as to each complainant. *Wheless* v. *St. Louis*, 180 U. S. 379; *Rogers* v. *Hennepin County*, 239 U. S. 621.

The District Court was right in its conclusion that there was no jurisdiction. The decree is reversed and the cause remanded to the District Court with directions to dismiss the bill for want of jurisdiction.

*So ordered.*