**STEVENSON et al. v. CITY OF BLUEFIELD et al.**

No. 59.

District Court, S. D. West Virginia.

June 25, 1941.

---

Hartley Sanders, of Princeton, W. Va., for plaintiffs.

George Richardson, Jr., of Bluefield, W. Va., and Frank L. Lee, of Washington, D. C., for defendants.

MOORE, District Judge.

### 1. Findings of Fact.

In the year 1935 the City of Bluefield by its Board of Directors enacted an ordinance providing for the creation of a Sanitary Board and for the issuance of Sewer Revenue Bonds, in the amount of $244,000. The validity of this ordinance is based in turn upon the validity of Chapter 25 of the Acts of the Legislature of West Virginia, First Extraordinary Session, 1933, as amended by Chapter 48 of the Acts of the Second Extraordinary Session of 1933. Pursuant to the ordinance and after having obtained a grant from the Federal Emergency Administration of Public Works in the amount of $194,368.96 in aid of the project, the City of Bluefield issued sewer revenue bonds in the total principal amount of $244,000, which were sold by it to said Federal Emergency Administration of Public Works and afterwards by the latter agency sold to the defendant, Reconstruction Finance Corporation, which is the present owner and holder thereof.

Upon constructing a new and improved sewer system with the proceeds of the bond issue, together with the grant from the Public Works Administration, the City of Bluefield and the Sanitary Board established rates and charges for the use thereof to be assessed against each parcel of real estate and building served thereby. Ample opportunity was given to persons affected by the charges to appear and make objections to the proceedings.

The plaintiffs are citizens, tax payers and freeholders of the city of Bluefield against whom service charges have been assessed and against one of whom, to-wit, Ethel Hobson Stevenson, the City of Bluefield has recovered judgment in an action before a Justice of the Peace, in the amount of $23.71. The complaint alleges that the City is threatening other suits of a similar nature against the other property owners served by the new and improved sewer system. It is further alleged that prior to the passage of the ordinance providing for the sewer revenue bonds, the plaintiffs or their predecessors in title had paid to the City of Bluefield sewer connection assessments for connecting the sewer lines from their respective properties with the then existing sewer system and as alleged "for continuous unlimited sewer service through the said connections by the then existing city sewer system to and for the respective properties without further charge or assessments according to the provisions of the then existing ordinance of the said city."

The complaint alleges that a constitutional question is involved under Article 1, Section X of the Federal constitution, which prohibits a state from passing any law impairing the obligation of a contract and also under the fifth and fourteenth amendments to the Federal constitution.

The prayer of the complaint is that the $244,000 bond issue be canceled and that the defendants be enjoined from collecting said bonds, as well as any and all charges against the plaintiffs and other citizens and tax payers of the city of Bluefield for sewer service in connection with the sewerage system constructed out of the proceeds of said bond issue.

The defendants filed their separate motions to dismiss the complaint on identical grounds, first, because, as they contend, it

fails to state a claim on which relief can be granted and, secondly, because, as they further contend, the Court is without jurisdiction under the allegations of the complaint. This motion having been argued by counsel and briefs having been submitted to the Court by both sides to the controversy and the Court having carefully considered the questions raised on the motion to dismiss, the Court's conclusions are as follows:

## 2. Conclusions of Law.

Plaintiffs' counsel in his brief, as well as in his oral argument, advances the somewhat novel contention that the passage by a state legislature of a law which is contrary to the provisions of the state constitution is a violation of the provision of the constitution of the United States prohibiting a state from passing a law which impairs the obligation of a contract. It is asserted that the state constitution is a contract between the state and its people and that it is the obligation of this contract which is impaired upon the passage by the legislature of an unconstitutional law. By this reasoning the plaintiffs seek to avoid the effect of the principle governing construction of state statutes in Federal courts, namely, that Federal courts are bound to give to the law the construction which has been placed upon it by the highest court of the state. It is argued that the Revenue Bond Act being challenged on the ground that it impairs the obligation of a contract, this court should therefore consider and decide the question whether or not the law is repugnant to the state constitution independently and without regard to the decisions rendered on that point by the Supreme Court of Appeals of West Virginia.

▉▉ I do not agree with this argument of the plaintiffs. If I did so, I would be compelled to conclude that whenever state statutes of any kind are challenged on the ground of alleged unconstitutionality under the state constitution, a Federal question is thereby presented. In my opinion, such is not the law. I regard myself as bound in deciding upon the motion to dismiss this complaint by the ruling of the Supreme Court of Appeals of West Virginia, which has held in several cases that the Revenue Bond Act of 1933 is not unconstitutional. Brewer v. City of Point Pleasant, 114 W. Va. 572, 172 S.E. 717; Casto v. Town of Ripley, 114 W.Va. 668, 173 S.E. 886. See also Bates v. State Bridge Commission, 109 W.Va. 186, 153 S.E. 305, and Bernard v. City of Bluefield, 117 W.Va. 556, 186 S.E. 298.

▉ Federal courts have universally refrained from substituting their judgment for that of the state court where the question is upon the interpretation of state laws. In the recent case of Railroad Commission of Texas et al. v. Pullman Company et al., decided March 3, 1941, reported in 61 S.Ct. 643, 85 L.Ed. ——, Mr. Justice Frankfurter extends this principle even to cases where the law has not yet been passed upon by the state court. He also cites in that case numerous authorities in support of the general principle that Federal courts will not undertake to give their own interpretation to laws which have already been construed by the courts of the state of their origin.

▉ It was argued by plaintiffs' counsel at the hearing (although not carried into the brief), that the Revenue Bond Act further impaired the obligation of an alleged contract between the City of Bluefield and the plaintiffs, whereby the plaintiffs had been given the right to continuous sewer service by paying a connection charge prior to the enactment of the sewer bond ordinance. I am not impressed with this argument. The contract for sewer service, if such there was, applied only to the sewer system as it then existed. Nothing in the allegations appearing in the complaint would lead me to the conclusion that the city ever precluded itself from making further charges for a new or improved sewer, or sewer service.

I am therefore of opinion that the complaint fails to state a claim upon which relief can be granted, as set out in the first paragraph of defendants' motion to dismiss.

▉ The challenge to the complaint on jurisdictional grounds will be dealt with more concisely. On this ground also I find that the complaint must be dismissed. Although the allegation is made that constitutional questions are involved, the complaint read as a whole does not show that such is the case. Even if such constitutional questions were properly presented, I conclude that the matter in controversy is not of sufficient value to give Federal jurisdiction. Plaintiffs argue that because the suit is brought by themselves as representatives of all other citizens and tax payers in a similar situation, the jurisdictional amount is therefore the face value of the

entire bond issue, namely, $244,000 or if that be not the case, that the total amount of accrued and unpaid charges for use of the sewer service, which are alleged to aggregate more than $3,000, should be the measure applied to this case for the purpose of determining jurisdiction. However not every class suit can be maintained in the Federal courts merely because the aggregate claims of the persons in the particular class may exceed the minimum jurisdictional amount. Thus, in the case of Gramling v. Maxwell, D.C., 52 F.2d 256, 263, the plaintiff was permitted to maintain a class suit on behalf of himself and about four hundred other persons affected by a state tax on the business of peddling. Judge Parker, sitting in that case as one of a three Judge Court, pointed out that the tax involved in the case of the named plaintiff alone was more than $5,000, and went on to say: "Of course, where the tax involved as to any complainant does not equal the jurisdictional amount, jurisdiction must fail; for it is well settled that the interest of the parties, joined for the purposes of convenience, cannot be aggregated for the purpose of conferring jurisdiction." In the case before me it is clear that the separate interest of each plaintiff and of each member of the class, which the plaintiffs represent, is far less than the jurisdictional amount required to enable a plaintiff to sue in a Federal court. See also Scott et al. v. Frazier et al., 253 U.S. 243, 40 S.Ct. 503, 64 L.Ed. 883; Georgia Power Company v. Hudson, 4 Cir., 49 F.2d 66, 75 A. L.R. 1439; Rogers v. Hennepin County, 239 U.S. 621, 36 S.Ct. 217, 60 L.Ed. 469; Wheless v. St. Louis et al., 180 U.S. 379, 21 S.Ct. 402, 45 L.Ed. 583.

Section 41, Subd.(1), U.S.C.A. Title 28, § 24(1), of the Judicial Code, contains the provision that no District Court shall have jurisdiction to enjoin the enforcement of any order of a rate-making body of a political subdivision of a state, or to restrain any action in compliance with such order, where jurisdiction is based solely on repugnance of such order to the constitution of the United States and where such order "(1) affects rates chargeable by a public utility, (2) does not interfere with interstate commerce, and (3) has been made after reasonable notice and hearing, and where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State." I am of opinion that this provision alone would deprive this Court of jurisdiction to entertain this complaint. Plaintiffs' counsel argued at the hearing that they have no proper remedy at law in the courts of West Virginia, because the Supreme Court of Appeals of West Virginia had already decided the question adversely to their contention. I do not consider this the test. A plaintiff may not invoke the jurisdiction of a Federal court on the ground of lack of plain, speedy, and efficient remedy in the state court merely on the ground that the state court has already decided against him. This is a situation which all unsuccessful litigants must face and with which they must perforce be content, except in cases where there exists an appellate court to which they may have access. A District Court of the United States is not such an appellate court.

My conclusion is to sustain the motion of the defendants to dismiss the complaint. An order may be prepared in accordance with this opinion.