Lawrence VRANEY, Appellant,
v.
COUNTY OF PINELLAS et al.,
Appellees.
No. 16739.

United States Court of Appeals
Fifth Circuit.
Jan. 3, 1958.

**618**

J. C. Davant, Clearwater, Fla., for appellant.

C. Ray Smith, J. D. Hobbs, Jr., St. Petersburg, Fla., Cramer, Smith & Hobbs, St. Petersburg, Fla., for appellees.

Before RIVES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

This action was filed by Lawrence Vraney, a citizen of Illinois, against the County of Pinellas, Florida, and five persons composing its Board of County Commissioners, citizens of Florida, questioning the constitutionality of four acts of the Florida Legislature. The plaintiff's sole interest is that of a property owner and taxpayer in the County. The prayer is that the County Commissioners be enjoined

"from further conducting the said business of pumping and selling water, from issuing water certificates and bonds, from acquiring or attempting to acquire lands for the purpose of removing water, or leasing lands for said purpose, and from using or authorizing the use of County funds, both general funds of said County and water funds derived from the sale of water, in the purchase of securities or bonds of any kind and character, and from depositing or attempting to deposit in any Bank or Trust Company any of the bonds so issued by said County Commissioners of water certificates issued by them for the purpose of qualifying said Bank to act as depository for money belonging to the County of Pinellas or to the funds derived from the sale of water * * *."

There are several averments in the complaint that the County has issued bonds effected by the acts complained of in the principal sum of more than $3,000.00 and that the County has invested funds in excess of $3,000.00 in purchasing land and buying equipment to carry on said business, but there is no averment showing or tending to show that the value to the plaintiff of the object or right sought to be enforced exceeds the sum or value of $3,000.00, exclusive of interest and costs. Under the decisions in taxpayers' actions, as well as others, the value of the plaintiff's right sought to be enforced must exceed the jurisdictional amount in order to confer federal jurisdiction. 28 U.S.C.A. § 1332(a); Walter v. Northeastern Railroad Co., 1893, 147 U.S. 370, 13 S.Ct. 348, 37 L.Ed. 206; Northern Pacific Railroad Co. v. Walker, 1893, 148 U.S. 391, 13 S.Ct. 650, 37 L.Ed. 494; Citizens' Bank of Louisiana v. Cannon, 1896, 164 U.S. 319, 17 S.Ct. 89, 41 L.Ed. 451; Scott v. Frazier, 1920, 253 U.S. 243, 40 S.Ct. 503, 64 L.Ed. 883; McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Seaboard Finance Company v. Martin, 5th Cir., 1957, 244 F.2d 329.

The district court entered summary judgment dismissing the complaint on its merits. That judgment is modified so as to dismiss the complaint for want of jurisdiction and, as modified, the judgment is affirmed.

Modified and affirmed.