**M. J. ALFONSO et al., Appellants,**

v.

**HILLSBOROUGH COUNTY AVIATION AUTHORITY and Najeeb Halaby, Administrator of the Federal Aviation Agency, Appellees.**

No. 19348.

United States Court of Appeals
Fifth Circuit.

Oct. 2, 1962.

John P. Corcoran, Tampa, Fla., for appellants.

T. Paine Kelly, Jr., Don M. Stichter, Asst. U. S. Atty., Tampa, Fla., Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis, David D. Hochstein, Attys., Dept. of Justice, Washington, D. C., John A. Curtiss, Tampa, Fla., for appellees.

Before CAMERON and BELL, Circuit Judges, and CARSWELL, District Judge.

CAMERON, Circuit Judge.

This is an appeal from a judgment of the lower court dismissing, for failure to charge that the amount in controversy reached the statutory minimum, the complaint of appellants Alfonso and about two hundred additional property owners (sometimes referred to as plaintiffs); and quashing the purported service of summons on defendant Halaby. Plaintiffs had prayed for relief by declaratory judgment and injunction.

They filed a complaint alleging that each of them owned and lived in a home in Hillsborough County, Florida near the Tampa International Airport and that "each of [a specified group of] the plaintiffs own [sic] an interest in a home and has suffered damage to the value of his home in excess of $4,000.00 by virtue of the unlawful taking for aviation purposes * * *." Each of the remaining plaintiffs alleged that he had "suffered damage to the value of his home" in an unspecified amount.

In substance, plaintiffs allege that the expansion of the Tampa International Airport by the Hillsborough County Aviation Authority with the aid of plans and funds furnished by the Federal Aviation Agency, the extension of the runways in the direction of their properties for the take-off and landing of commercial jet passenger aircraft, and the frequent operation of these aircraft to and from the runways at low altitudes over appellants' properties have substantially interfered with their use and enjoyment; and that such actions constitute a taking of their property without payment of just compensation in violation of the Fourteenth and Fifth Amendments to the Constitution.

Appellants pray that such actions be declared to be such a deprivation of their property rights, and seek an injunction restraining appellees from using the property as an approach way for the take-off and landing of jet passenger aircraft until appropriate condemnation proceedings have been instituted to compensate appellants for their alleged losses, and restraining the Administrator from making any further payments to the County Aviation Authority.

Najeeb Halaby, the Administrator of the Federal Aviation Agency was served with a copy of the summons and a copy of the complaint in the District of Columbia. There can be no question of the correctness of the lower court's action in granting the motion to quash the purported service on him. It is established by statute [1] and the decisions that the process of the court below could be served only in the State of Florida. The attempted service in Washington, D. C., was ineffective and was prop-

---

1. 28 U.S.C.A. Federal Rules of Civil Procedure, rule 4(f):
   "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state."
   No such statute is claimed applicable.

erly quashed. Plaintiffs insist that they are entitled to relief in the nature of that recognized in United States v. Lee, 1882, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171; Land v. Dollar, 1947, 330 U.S. 731, 67 S. Ct. 1009, 91 L.Ed. 1209; Goltra v. Weeks, 1926, 271 U.S. 536, 46 S.Ct. 613, 70 L.Ed. 1074; Bowdoin v. Malone, 5 Cir., 1960, 284 F.2d 95, rev. 1962, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168, directed toward control of the acts of individuals assuming to act for the United States. But this question is not before us, as the court has not acquired jurisdiction of the person of the appellee Najeeb Halaby, Administrator of the Federal Aviation Agency. Jurisdiction of the person of the defendant is essential in an *in personam* action and without it no relief can be granted against him. Stewart v. United States, 5 Cir., 1960, 242 F.2d 49. Appellants' contentions with respect to venue and other similar jurisdictional questions need not be dealt with.

In any event, the recent decision in Griggs v. Allegheny County, 1962, 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585, clearly absolves the United States and the Federal Aviation Agency from liability, even if the court should reach the merits of the claim against appellee Halaby.

The Hillsborough County Aviation Authority was properly before the court. As to it, however, it seems clear that the lower court did not have jurisdiction of the subject matter of the action. Such jurisdiction requires (a) a controversy involving the requisite jurisdictional amount in excess of $10,000.00;[2] and (b) a federal question[3] or diversity in citizenship.[4]

▮ Unless the claims of the parties can be aggregated, it is apparent that the minimum jurisdictional requirement is not satisfied. The jurisdiction of the court here is determined by the allegations of the complaint, Mosher v. City of Phoenix, 1932, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148.

▮ This case is a "spurious" class action under Rule 23(a)(3),[5] permitting joinder where the interests are "several, and there is a common question of law or fact affecting the several rights and a common relief is sought." Assuming that this is a class action properly brought under Rule 23(a)(3), it is still requisite, if the claims of the plaintiffs be separate and distinct, that each must allege the jurisdictional amount.[6] In order that their claims may be aggregated, the plaintiffs must have an undivided or joint interest in some single claim. The classic statement of the rule is contained in Pinel v. Pinel.[7]

"The settled rule is that when two or more plaintiffs having separate and distinct demands unite in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount."

▮ Appellants first argue that, since each of the homes involved is valued at more than $10,000.00, the jurisdictional amount test is met, since the use of the homes is the right sought to be protected. But the value of the right to be protected must be measured by the damage to the homes as alleged in the complaint, not the value of the homes. The only allegation in the complaint as to such damage is that some of the homes have been damaged "in excess of $4,000.00" and the others have "suffered damage" in an unspecified amount. These do not suffice to constitute allegations of controversies in

2. 28 U.S.C.A. §§ 1331 and 1332.

3. 28 U.S.C.A. § 1331.

4. 28 U.S.C.A. § 1332.

5. 28 U.S.C.A. Federal Rules of Civil Procedure, rule 23(a)(3).

6. 1 Barron and Holtzoff, Federal Practice and Procedure, § 24, note 56.

7. (1916), 240 U.S. 594, 596, 36 S.Ct. 416, 417, 60 L.Ed. 817.

excess of $10,000.00. The value to the plaintiff of the right to be enforced or protected determines the amount in controversy. Vraney v. County of Pinellas, 5 Cir., 1958, 250 F.2d 617; Seaboard Finance v. Martin, 5 Cir., 1957, 244 F.2d 329; Scalise v. National Utility Service, 5 Cir., 1941, 120 F.2d 938; Louisville & Nashville R. R. Co. v. Smith, 5 Cir., 1904, 128 F. 1. That right, under the allegations of this complaint, does not consist of the value of the property.

Appellants cite Swan Island Club v. Ansell, 4 Cir., 1931, 51 F.2d 337, for the proposition that the value of the preservation of their property rights is measured by the value of the property. We do not so read that case. There, plaintiffs owned 9,236 acres of hunting lands in North Carolina, valued at $50,-000.00. This land was used almost exclusively for the shooting of waterfowl and that was its chief utility. The complaint alleged that the defendant had trespassed on the hunting lands, built blinds, threatened to continue to hunt on the lands and that such continued conduct by the defendant would substantially destroy the gunning rights and privileges of the property owner plaintiffs and render the property almost valueless. The court held that the amount in controversy exceeded the jurisdictional amount (then $3,000.00).

The distinction is obvious. In Swan Island the amount in controversy was alleged to be almost $50,000.00, based upon the charge that the continued acts of the defendant would make the land almost valueless. No such allegation is made here. The only allegation is that "each plaintiff * * * has suffered damage to the value of his home in excess of $4,000.00 * * *" and this allegation applies to one group only of the appellants. There is no allegation that any of the property will become "valueless" or even nearly so.

We are not dealing here with a situation which calls for an examination of whether the allegation of the amount in controversy was made "in good faith." [8] Here, the only allegation in the complaint as to the amount in controversy is an allegation of damages "in excess of $4,-000.00" as to each of some of the homes. The value of the homes is, in itself, immaterial.

Appellants next contend that the amount in controversy is the value of the air rights *to the defendants,* citing, *inter alia,* Mississippi and Missouri R. R. Co. v. Ward,[9] (1863) 2 Black 485, 17 L.Ed. 311; and Louisville and Nashville R. R. Co. v. Smith, 5 Cir., 1904, 128 F. 1. The holding in Louisville & Nashville was just the opposite; the "object of the suit" was the right complainant railroad sought to protect by its suit. Cf. Vraney v. County of Pinellas, 5 Cir., 1958, 250 F.2d 617, and see cases collected in 30 A.L.R.2d 621.

8. Cf. Continental Casualty Co. v. Musgrove, 5 Cir., 1962, 305 F.2d 9; Hart v. United States Fidelity & Guaranty Co., 5 Cir., 1962, 304 F.2d 572; Troup v. McCart, 5 Cir., 1962, 238 F.2d 289.

9. Complainant steamboat owner charged that defendant Railroad Company had created a nuisance by erecting a bridge across the Mississippi River, which constituted an obstruction to navigation. The court held that "the value of the object must govern." Whether this meant the value of the bridge, the value of the steamboat business or the value of plaintiff's right to be free of the obstruction has been much discussed. Hunt v. N. Y. Cotton Exchange, 1907, 205 U.S. 322, 336, 27 S.Ct. 529, 533, 51 L.Ed. 821, said that Mississippi and Missouri decided "that jurisdiction is tested by the value of the object *to be gained by the bill.*" [Emphasis added.] See also the following from Judge Learned Hand's opinion in M & M Transp. Co. v. New York, 2 Cir., 1950, 186 F.2d 157: "In no more than a passing mention the Court [in Mississippi and Missouri] held that 'the removal of the obstruction is the matter of controversy, and the value of the object must govern.' That was at best ambiguous; indeed, it apparently meant that the value of the bridge, or at least of so much of it as the plaintiff wished to have removed, was the test. However that may have been, the value of 'the matter in controversy' was construed to mean the value of the 'object to be gained by the complainant' * * *."

**728**

Since the appellant-plaintiffs have not alleged that the requisite jurisdictional amount is in controversy, the granting of the Motion to Dismiss on the ground that the court lacked jurisdiction of the subject matter was correct and the judgment of the court below is

Affirmed.