**Harry R. BOOTH, Plaintiff,**

**v.**

**LEMONT MANUFACTURING CORPO-RATION, a corporation; Ceco Steel Products Corporation, a corporation; Publicker Chemical Corporation, a corporation; American Oil Company, a corporation; Tim Incorporated, a corporation; Union Tank Car Company, a corporation; H K H Development Corporation, a corporation; Corn Products Company, a corporation; Metropolitan Sanitary District of Greater Chicago, a Municipal corporation, Defendants.**

**No. 68 C 2246.**

United States District Court
N. D. Illinois, E. D.

Sept. 30, 1969.

Harry R. Booth, pro se.

Albert E. Jenner, Jr., Edward R. Johnston and Keith F. Bode, Chicago, Ill., for Lemont Mfg. Co. and Ceco Corp.; Jenner & Block, Chicago, Ill., of counsel.

Francis J. McConnell and John Borst, Jr., Chicago, Ill., for Union Tank Car Co.; McConnell, Curtis, Mahon & Borst, Chicago, Ill., of counsel.

Lee A. Freeman and Jerrold E. Salzman, Chicago, Ill., for Publicker Chemical Corp.; Freeman & Hanley, Chicago, Ill., of counsel.

Richard J. Troy and Jack H. Oppenheim, Chicago, Ill., for H. K. H. Development Corp.; Geocaris, Sneider & Troy, Chicago, Ill., of counsel.

Roger W. Barrett and Burton E. Glazov, Chicago, Ill., for Corn Products Co.; Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., of counsel.

Thomas M. Thomas and Thomas F. Scully, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for American Oil Co.

Allen S. Lavin, Chicago, Ill., for Metropolitan Sanitary District of Greater Chicago.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS

ROBSON, District Judge.

The defendants move this court to dismiss the amended complaint filed by the plaintiff as a taxpayers' class action against The Metropolitan Sanitary District of Greater Chicago (Sanitary District) and certain corporations which have leased or subleased real estate owned by the Sanitary District. For the reasons set forth below, this court is of the opinion the motions to dismiss should be granted.

The plaintiff alleges that the manner in which the leases were executed and the terms of the leases in question were improper and unlawful. He further asserts that the leases violate the taxpayers' federal constitutional rights, and are void or subject to reformation.

## FEDERAL QUESTION JURISDICTION

■ The defendants, *inter alia*, contend that this is a municipal law dispute lacking any subject matter basis for this court's jurisdiction. The plaintiff invokes jurisdiction under 28 U.S.C. § 1331. Specifically, he claims that this case arises under the Constitution of the United States because the manner in which the leases were executed and the terms of the leases in question violate the standards of due process and equal protection guaranteed by the Fourteenth Amendment. However, claims based upon mismanagement or fraud involving public property by municipal officials do not state an injury to federal constitutional rights. Otto v. Somers, 332 F.2d 697 (6th Cir.1964), cert. den. 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703 (1965); Hickey v. Illinois Central Railroad, 278 F.2d 529 (7th Cir.1960), cert. den. 364 U.S. 918, 81 S.Ct. 284, 5 L.Ed. 2d 259 (1960).

■■ The plaintiff also asserts that federal question jurisdiction exists because Illinois requires that a plaintiff in a taxpayer's action show that he suffered special injury in order to have standing. He contends that application of the special injury rule is also a denial of due process and equal protection of the law. However, federal jurisdiction cannot be predicated on an allegedly unconstitutional defense which could be or was asserted in a state action. Skelly

Oil Co. v. Phillips Petroleum Co., 339 U. S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Louisville & Nashville R. R. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L. Ed. 126 (1908). *See also* Chance v. County Board of School Trustees of McHenry County, Illinois, 332 F.2d 971 (7th Cir.1964). Furthermore, the Illinois special injury rule applies equally to all citizens and taxpayers, and cannot be said to conflict with due process or equal protection requirements. It does not discriminate on the basis of financial condition, extent of property owned, or any other consideration which could be deemed arbitrary or invidious. *See* Booth v. General Dynamics Corp., 264 F.Supp. 465 (N.D.Ill.1967). The rule only requires that the complaining taxpayer allege and prove a direct injury. This requirement, if declared unconstitutional, would force state courts to entertain the most remote taxpayer's complaints without limitation. For these reasons, the amended complaint fails to a state a claim arising under the Constitution or laws of the United States, and this court therefore does not have federal question jurisdiction.

## JURISDICTIONAL AMOUNT

The plaintiff attempts to aggregate the taxpayers' claims in this class action in order to satisfy the statutory requirement that the amount in controversy exceed the sum or value of $10,000. 28 U.S.C. § 1331. It is undisputed that no single taxpayer has a claim against any of the defendants even approaching $10,000. The Supreme Court has recently held that separate and distinct claims presented by and for various claimants may not be aggregated to provide the requisite $10,000 jurisdictional amount. Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). In that decision, the Supreme Court also ruled that class action claims can be aggregated as "joint and common claims" only if such claims have traditionally been subject to aggregation. The weight of federal case authority substantiates the defendants' contention that taxpayers' claims relating to *property* rights may not be aggregated. Scott v. Frazier, 253 U.S. 243, 40 S.Ct. 503, 64 L.Ed. 883 (1920); Vraney v. County of Pinellas, 250 F.2d 617 (5th Cir.1958); Fuller v. Volk, 351 F.2d 323 (3rd Cir.1965). This court therefore concludes that the plaintiff has failed to meet the required jurisdictional amount.

Because of the dispositive nature of the jurisdictional issues discussed above, it is unnecessary to rule upon the multitude of theories and conclusory allegations asserted in the plaintiff's voluminous pleadings. This court observes, however, that many of the identical claims concerning the validity of the leases before this court have been previously litigated in the Illinois courts. *E.g.*, Booth v. Metropolitan Sanitary District of Greater Chicago, et al., 79 Ill.App.2d 310, 224 N.E.2d 591 (1st Dist.1967); H.K.H. Development Corp. v. The Metropolitan Sanitary District of Greater Chicago, et al., 47 Ill.App.2d 46, 196 N.E.2d 494 (1st Dist.1964), and 97 Ill.App.2d 225, 240 N.E.2d 214 (1st Dist.1968).

It is therefore ordered that the defendants' motions to dismiss be, and they are hereby granted, and the cause is hereby dismissed.