STATE OF LOUISIANA, ex rel. William J. GUSTE, Jr., Attorney General, and Charles W. Tapp, Assistant Secretary, Department of Urban and Community Affairs

v.

The FEDDERS CORPORATION, Airtemp Corporation and Climatrol Distributing Corporation.

Civ. A. No. 81–630–B.

United States District Court, M. D. Louisiana.

May 24, 1982.

█

William J. Guste, Jr., Atty. Gen., Catherine L. Stagg, Charles L. Patin, Jr., Patricia J. Hakes, Asst. Atty. Gen., Baton Rouge, La., for plaintiffs.

Daniel Lund, Paul M. Lavelle, New Orleans, La., for defendants.

POLOZOLA, District Judge.

This matter is before the Court upon its reconsideration of the motion of the plaintiffs to remand this action back to the Nineteenth Judicial District for the Parish of East Baton Rouge pursuant to 28 U.S.C. § 1447(c). The Court previously denied this motion. *State v. Fedders Corp.*, 524 F.Supp. 552 (M.D.La.1981).

This action was instituted by William J. Guste, Jr., in the name and on the behalf of the State of Louisiana and on behalf of Charles W. Tapp, Assistant Secretary of the Department of Urban and Community Affairs (DUCA). The plaintiffs seek to enjoin the defendants from alleged unfair and deceptive trade practices under the Unfair Trade Practices and Consumer Protection Act, La.R.S. 51:1401–1418. In addition to the injunctive relief sought under § 1407 of the Act, the plaintiffs seek additional relief in the form of restitution and other remedies on behalf of Louisiana consumers aggrieved by the above practices. La.R.S. 51:1408.

In its earlier ruling on the plaintiffs' motion, the Court found that the State of Louisiana was not a real party in interest to this lawsuit and that DUCA is an entity of sufficient autonomy that it is a citizen of Louisiana for diversity jurisdiction purposes. The plaintiffs now reurge their contention that the State, which is not a "citizen" under 28 U.S.C. § 1332, is a real party in interest to this suit so that diversity does not exist. In the alternative, they argue that the case does not involve the requisite $10,000 amount in controversy. Both of these contentions are without merit.

For the reasons previously stated in its earlier opinion, the Court again holds that diversity jurisdiction is present. Also, the Court finds that the claim in controversy exceeds the sum of $10,000. The plaintiffs consistently maintain that this is not a class action, but an injunctive proceeding to insure compliance with Louisiana law with additional remedies requested for prior violations. Thus stated, this premise is correct. However, the plaintiffs are incorrect in their contention that if the State is not considered to be the real party in interest to this litigation the suit must be treated as a class action wherein each consumer who might receive relief under the Court's judgment must have a $10,000 claim against the defendants.

Individual Louisiana consumers have not been joined as litigants in this matter. They are not being represented in the form of a class action. Certain language in the Court's original opinion which might be construed to the contrary merely points out

that the relief requested would not benefit the State Treasury. This is in line with the Court's findings that DUCA is a corporate body distinguishable from the State for purposes of 28 U.S.C. § 1332.

DUCA has brought this action to enforce the Unfair Trade Practices and Consumer Protection Act (UTPCPA) in the same way that the railroad commissioners sought to enforce their regulations in *Missouri, K. & T. R. Co. v. Hickman*, 183 U.S. 53, 22 S.Ct. 18, 46 L.Ed. 78 (1901). This is not a class action for damages, although Louisiana consumers rather than the State Treasury may receive monetary restitution under La.R.S. 51:§ 1408. In fact, § 1409(A) specifically forbids class actions,[1] although § 1408 retains some of the benefits of a class action for the consumer without his being considered a party litigant.[2] The pecuniary relief prayed for in this case serves as much as an enforcement mechanism as it does a device for compensating victims.[3] The defendants have responded to the plaintiffs' argument on jurisdictional amount by contending that the amount should be determined according to what it would cost them to comply with a judgment against them. Federal courts have taken various positions on how the amount in controversy should be ascertained. Some have stated that jurisdiction exists only if the value of the judgment to the plaintiff exceeds the required amount.[4] Others have held, as the defendants contend herein, that the pecuniary effect produced by a judgment to either plaintiff or defendant may suffice. A few have ruled that the question must be viewed from the perspective of the party seeking to invoke federal jurisdiction.[5] It is generally considered that this issue has not been conclusively decided by the Supreme Court. C. Wright, *Federal Courts*, 3d Ed. (1976) at 134–135.

The test proposed by the defendants, i.e., that the pecuniary effect on either party may be considered for the amount in controversy, has been adopted in a number of jurisdictions. E.g. *Commonwealth of Massachusetts v. United States Veterans Administration*, 541 F.2d 119 (1 Cir. 1976); *Government Employees Insurance Co. v. Lally*, 327 F.2d 568 (4 Cir. 1964); *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389 (7 Cir. 1979); *Oklahoma Retail Grocers v. Wal-Mart Stores*, 605 F.2d 1155 (10 Cir. 1979); *Committee for G. I. Rights v. Callaway*, 518 F.2d 466 (D.C.Cir.1975). Professor Wright states that this is "the most desireable" view. Wright, supra, at 135. Additionally, it is supported by the decisions of the United States Supreme Court in *Smith v. Adams*, 130 U.S. 167, 9 S.Ct. 566, 32 L.Ed. 895, (1889) and *Illinois v. City Milwaukee*, 406 U.S. 91, 98, 92 S.Ct. 1385, 1390, 31 L.Ed.2d 712 (1972). In the former case the Supreme Court stated "It is conceded that the pecuniary value of the matter in dispute may be determined, not only by the money judgment prayed, where such is the case, but in some cases by the increased or diminished value of the property directly affected by the relief prayed, or by the pecuniary result to one of the parties immediately from the judgment." 130 U.S. at 175, 9 S.Ct. at 569, 32 L.Ed. at 898. In the latter case the Court in finding jurisdiction to be present was ambiguous as to the test it applied.

---

1. See Comment, *Louisiana's Consumer Protection Law—Three Years of Operation*, 50 Tul.L. Rev. 375, 386 (1976). § 1409(A) states in part "Any person who suffers any ascertainable loss . . . may bring an action individually but not in a representative capacity to recover actual damages . . ."

2. See Comment, *The Louisiana Unfair Trade Practices and Consumer Protection Act: An Analysis*, 34 La.L.Rev. 634, 642 (1974). Where an action to restrain unfair trade practices has been brought by DUCA and the Attorney General under § 1407, § 1408 states that "The court may issue such additional orders or render judgements against any party, as may be necessary to compensate any aggrieved person . . ."

3. Sebert, *Enforcement of State Deceptive Trade Practice Statutes*, 42 Tenn.L.Rev. 689, 719–20 (1975).

4. E.g. *Zep Mfg. Corp. v. Haber*, 202 F.Supp. 847 (S.D.Tex.1962); *Massachusetts State Pharmaceutical Ass'n. v. Federal Prescription Service, Inc.*, 431 F.2d 130 (8 Cir. 1970).

5. E.g. *Family Motor Inn v. L–K Enterprises Division Consolidated Foods*, 369 F.Supp. 766 (E.D.Ky.1973).

However, the authorities upon which it relied have led some commentators to conclude that the Court adopted the "either party" test. Wright, supra, at 135 n.12; 14 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3703 pp. 410–11 (1976).

The Fifth Circuit Court of Appeals has on at least one occasion rejected the "either party" test in favor of the "plaintiff's viewpoint" theory. *Alfonso v. Hillsborough County Aviation Authority*, 308 F.2d 724 (5 Cir. 1962). Subsequently however, the Court refused to apply or reject the "either party" rule in *Stonewall Ins. Co. v. Lopez*, 544 F.2d 198, rehearing en banc denied 545 F.2d 1298 (5 Cir. 1977), since the amount was present from either perspective. Furthermore, *Duderwicz v. Sweetwater Savings Ass'n.*, 595 F.2d 1008 (5 Cir. 1979), which will be discussed hereinafter, may represent a change of opinion in this Circuit away from *Alfonso*. Whether it does or not is immaterial under the facts of this case since the case *sub judice* involves an amount in controversy in excess of $10,000 even when approached from the plaintiffs' viewpoint.

In *Duderwicz v. Sweetwater Savings Ass'n.*, supra, several borrowers brought diversity actions against a lender, seeking, inter alia, the forfeiture of interest charged under allegedly usurious notes. The lender contended that the amount in controversy was only the interest already paid by the borrowers, not amounting to $10,000 paid by any one plaintiff. The Court refused to dismiss the case. In finding that the amount in controversy included not only the interest to be returned, but the future interest to be forfeited, the Court stated:

" . . . [The] value of the amount in controversy is measured not by the monetary judgment which the plaintiff may recover, but by the *judgment's pecuniary consequences to those involved in the litigation*." (Emphasis added) 595 F.2d at 1014.

The above language making the determination of the amount in controversy turn upon the "pecuniary consequences to those involved in the litigation" appears to encompass an analysis employing the "either party" test. Even considering the plaintiffs' viewpoint, the pecuniary consequence of a judgment to DUCA would exceed $10,000. The plaintiffs do not seek damages *per se*, and will not retain any funds awarded. However, they purport to have received complaints from 655 consumers on behalf of whom they seek repairs, refunds, and replacements. Further, they seek an award requiring the defendants to pay a "reasonable sum" to be distributed by the Department of Justice to Louisiana Consumers who have sustained losses. If the Court considers plaintiffs' request for judgment as an exaction of monetary restitution to insure future compliance and to deprive the defendants of their illegal gains, the judgment can be said to have pecuniary consequences to the plaintiffs.

In suits for injunctive relief the Fifth Circuit has said that the amount in controversy "is measured by the value of the object of the litigation . . ." *Aladdin's Castle Inc. v. City of Mesquite*, 630 F.2d 1029, 1035 (5 Cir. 1980) reversed on other grounds, —— U.S. ——, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982). Jurisdiction exists unless it appears to a "legal certainty" that this value will not exceed the jurisdictional amount. *Duderwicz*, at 1012. The object of this litigation includes extensive monetary restitution. The Court cannot say to a legal certainty that its value will not exceed $10,000.

The conclusion that the requisite jurisdictional amount is in controversy in this case is buttressed by *Hunt v. Washington State Apple Advertising Comm'n.*, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). In *Hunt* the Washington State Apple Advertising Commission sued to have a North Carolina statute declared unconstitutional and to have its enforcement enjoined. The Commission was a statutory agency of the State of Washington which was formed to promote and to protect the state's apple industry. The statute in question placed various packaging restrictions on apples brought into North Carolina from elsewhere.

In *Hunt*, the North Carolina officials argued that the Commission had not demonstrated that its right to be free of the

restrictions was worth more than $10,000. The defendants also argued that the Commission had no standing to represent the claims of individual Washington apple growers and dealers and that even if it did, these claims could not be aggregated to achieve the requisite jurisdictional amount. The Court found that the state Commission did have standing to represent its constituents and the requisite amount to be in dispute. The Court also stated that it was unnecessary for it to reach the question of aggregation because it did not appear to a legal certainty that the claims of at least some of the individual growers and dealers would not amount to $10,000. In the action *sub judice,* the plaintiffs themselves admit in memoranda and by affidavit that four of the complaints upon which they are acting involve a value equal to or exceeding $10,-000. It thus appears that there is the required jurisdictional amount involved in this case.

Therefore:

IT IS ORDERED that the motion of the plaintiffs to remand this action to state court be and it is again hereby DENIED.