Mary Bryan HILL

v.

HOM/ADE FOODS, INC., et al.

No. Civ.A. 00–2332.

United States District Court,
W.D. Louisiana.

Dec. 20, 2000.

Robert I. Thompson, III, Shreveport, LA, for plaintiff.

Sidney L. Shushan, Landry & Lavelle, New Orleans, LA, for defendants.

## MEMORANDUM RULING

PAYNE, United States Magistrate Judge.

### Introduction

Mary Bryan Hill ("Plaintiff") commenced this action in state court against defendants Hom/Ade Foods, Inc. and its president, Howard Burris. Plaintiff alleges that Hom/Ade and Burris violated Louisiana law by marketing and selling products throughout Louisiana under the name of "Mary B's", a trade name that Plaintiff registered with the Louisiana Secretary of State in 1995. Plaintiff invokes La.R.S. 51:222 and 223 and requests that the court permanently enjoin the defendants from using the "Mary B's" trade name in Louisiana. Plaintiff also alleges that she has suffered and is entitled to recover damages "in an as yet to be determined amount." Her petition does not invoke any federal law.

The defendants removed the case based on an assertion of diversity jurisdiction. See 28 U.S.C. § 1441(a) (permitting removal of cases over which the district court has original jurisdiction) and § 1332 (granting original jurisdiction over cases where the parties are diverse in citizenship and the amount in controversy exceeds $75,000). With respect to the amount in controversy, the defendants' notice of removal contains a boilerplate allegation in ¶ VI that "the amount in controversy exceeds $75,000" and a statement in ¶ IV that the defendants "reasonably believe that the amount in controversy ... will exceed the jurisdictional amount" required by law.

Plaintiff filed a Motion to Remand (Doc. 8) in which she offers her conclusional allegation that the amount in controversy does not exceed $75,000. She backs her statement with an affidavit in which she testifies, "I stipulate that the damages I am seeking, exclusive of interest and costs, does (sic) not exceed $74,500." The defendants respond that (1) the Plaintiff's stipulation should be disregarded because it would not be binding after remand to state court and (2) the jurisdictional amount is present because of the costs that the requested injunctive relief would impose on the defendants. Burris, the president of Hom/Ade Foods, Inc. testifies in an affidavit that the company sold more than $2,000,000 worth of "Mary B's Fresh Bake Biscuits" in Louisiana between June 1999 and October 2000. He adds that the injunctive relief requested by Plaintiff would cost the company in excess of $75,000.

### Amount In Controversy

#### A. The Defendants' Burden

The removing defendant has the burden of showing that the amount in controversy element is satisfied. In determining whether the defendant has met that burden, the court may look to the plaintiffs' pleadings to see whether it is facially apparent that the claims are for more than $75,000. The removing attorney may also support jurisdiction by setting forth the facts in controversy, either in the notice of removal or by affidavit, that support a finding of the requisite

amount. *Luckett v. Delta Airlines,* 171 F.3d 295, 298 (5th Cir.1999).

### B. Plaintiff's Damages Claim: Insufficient Facts

■ It is not facially apparent from the petition that Plaintiff claims damages in excess of $75,000. The petition merely says that damages have yet to be determined and offers no hint at the amount. There are also no specific facts found in the notice of removal or affidavit offered by the defendants that would satisfy their burden of showing that Plaintiff's damages claim exceeds the jurisdictional amount.

### C. No Evidence of Wrongful Profits

The defendants do not argue that the jurisdictional amount is satisfied by Plaintiff's potential recovery of Hom/Ade's wrongful profits (in addition to damages to Plaintiff), but the court will briefly address the issue lest it surface later. The Louisiana statutes invoked by Plaintiff provide that when the defendants act with knowledge that the mark is intended to be used to cause confusion or mistake or to deceive, the court may require the defendants to pay to the owner of the mark "all profits derived from and/or all damages suffered by reason of" the violation. La. R.S. 51:223. That provision might permit the Plaintiff to recover from Hom/Ade Foods any portion of the alleged $2,000,000 in sales that is profit. And it is profit, not mere gross receipts, to which the statute refers. *Buyers & Traders Service, Inc. v. Stewart,* 365 So.2d 839, 841 (La.App. 1st Cir.1978). But there is absolutely no evidence as to what portion (if any) of Hom/Ade's sales revenue might represent profits. The defendants' burden is, again, not satisfied.

### D. Effect of the Stipulation

■ Although the undersigned finds that the defendants have not satisfied their burden with respect to the damages/profits issues, Plaintiff's stipulation will be discussed for the benefit of any reviewing court that may disagree. Plaintiff's stipulation is of little assistance or relevance, especially due to its conclusional nature. When a plaintiff, "after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938). If a plaintiff wants to prevent removal by filing a binding stipulation or affidavit, he must file it in state court before removal. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995).[1]

Plaintiffs often argue that such a stipulation is relevant under the Fifth Circuit's holding in *Asociacion Nacional Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.,* 988 F.2d 559 (5th Cir. 1993). *ANPAC,* while recognizing that *St. Paul Mercury* does not allow a plaintiff to defeat removal by later *changing* his damage request, held that the Court could consider affidavits from the plaintiffs that merely *clarified* the damages allegations in their ambiguous petition. *Id.* at 565. Furthermore, the defendant in *ANPAC* made only conclusory allegations about damages in its notice of removal and submitted no evidence to dispute the plaintiffs' clarifying affidavits. *ANPAC,* at most, permits the court to consider this plaintiff's stipulation to the extent that it helps

---

1. It is the practice of this court to remand cases if, even after removal, the plaintiff enters into a compromise agreement in a form acceptable to defendant that settles all claims in excess of the jurisdictional amount *and* both parties agree to a remand. That is not the situation in this case.

clarify her ambiguous damages claim. *See Fairchild v. State Farm Mutual Auto. Ins. Co.*, 907 F.Supp. 969, 972 (M.D.La. 1995). However, because the proposed stipulation contains no facts, only a conclusion, it provides little if any clarification.

### E. Valuation of Request for Injunctive Relief

■ The defendants' principal argument on the jurisdictional amount is that the value of the injunctive relief requested by Plaintiff is enough to support jurisdiction. There is no hint in the record as to the injunction's economic value to Plaintiff. She alleges that she has used the "Mary B's" name since 1977, but does not explain how the name was used or whether the unspecified use has generated a penny of revenue or profit. On the other hand, the defendants offer conclusional testimony from Burris that "should the injunctive relief requested by plaintiff be granted, Hom/Ade's cost of compliance would exceed $75,000." This presents the issue of whether the value of the injunctive relief is measured from the perspective of the plaintiff or defendant.[2]

■ "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252–53 (5th Cir.1998) (declaratory judgment action). *See also Leininger v. Leininger*, 705 F.2d 727 (5th

Cir.1983) (court had jurisdiction over action to enjoin enforcement of a $105,000 state court judgment rendered against the federal plaintiff); and *Webb v. Investacorp*, 89 F.3d 252, 255–56 (5th Cir.1996) (finding jurisdiction over case seeking an injunction to prohibit pursuit of claims in arbitration that were worth more than the jurisdictional amount). Neither the quoted rule nor the holdings in the cited cases provide a clear answer to whether the value of the injunctive relief requested in this case should be measured solely from the Plaintiff's viewpoint or if a defendant's cost of compliance with the injunction may be considered.

Supreme Court decisions in this field have not been entirely clear. That has resulted in a split among (and sometimes within) the circuits. A recent law review article concluded that six circuits, including the Fifth, follow the majority rule that considers only the value of the injunctive relief from the plaintiff's perspective or viewpoint. Five circuits were said to follow the flexible "either viewpoint" rule that the defendants advocate in their memorandum.[3] Some district courts choose a third rule and evaluate the claim from the perspective of the party who invokes federal jurisdiction. *See* Brittain Shaw McInnis, *The $75,000.01 Question: What Is the Value of Injunctive Relief?*, 6 George Mason Law Review 1013 (1998).

The author of the article states in footnote 52 that *Webb* and *Leininger* indicate

---

2. Because of the result reached below on this issue, the undersigned need not decide whether Burris' conclusional testimony would satisfy the defendants' burden of proving that the cost of compliance would exceed $75,000. Defendants who bear the burden on such issues are usually required to present particular facts to support their conclusions.

3. Judge Sear has considered a defendant's cost of compliance in one case and applied a strict plaintiff-viewpoint test in another. *In re*

*Ford Motor Co. Bronco II Products Liability Litigation*, 1996 WL 257570 (E.D.La.1996) and *Dixon v. Ford Motor Credit Co.*, 1998 WL 440304 (E.D.La.1998). The defendants in this case rely heavily upon the 1996 decision that considered the cost of compliance. That decision is not beneficial because Judge Sear explained in the 1998 decision that the earlier decision had looked to Eighth Circuit law. As Judge Sear said in the 1998 decision, and as this court will explain below, the Fifth Circuit's precedents establish a different rule.

that the Fifth Circuit may be retreating from its strict plaintiff-viewpoint approach. Those cases do not and can not, however, overrule earlier Fifth Circuit precedent that expressly adopts the strict plaintiff-viewpoint rule. *See Vraney v. County of Pinellas,* 250 F.2d 617 (5th Cir.1958) (court lacked jurisdiction over citizen suit to enjoin county from taking action that would cost the county more than the jurisdictional amount when there was no showing that the value "to the plaintiff" of the object or right sought to be enforced exceeded the amount); *Alfonso v. Hillsborough County Aviation Authority,* 308 F.2d 724 (5th Cir. 1962) ("The value to the plaintiff of the right to be enforced or protected determines the amount in controversy.").[4]

■■ The Fifth Circuit adheres strictly to the rule that it is bound by panel precedent in the absence of an intervening Supreme Court decision, legislative change or *en banc* reconsideration of the issue. *FDIC v. Abraham,* 137 F.3d 264, 268 (5th Cir.1998); *Billiot v. Puckett,* 135 F.3d 311, 316 (5th Cir.1998). If two panel decisions appear to conflict, the earlier decision controls and is the binding precedent in the circuit. *H&D Tire and Automotive–Hardware, Inc. v. Pitney Bowes, Inc.,* 227 F.3d 326, 330 (5th Cir.2000); *Billiot,* 135 F.3d at 317. And, of course, this district court must follow the precedent of the Fifth Circuit. *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 442 (5th Cir. 2000); *Ta v. Neimes,* 927 F.Supp. 977, 985 n. 10 (W.D.Tex.1996) *Hamilton v. Business Partners, Inc.,* 938 F.Supp. 370, 375 (E.D.La.1996). Accordingly, even if the

recent decisions were read to signal a retreat from the strict plaintiff-viewpoint adopted by the Fifth Circuit decades ago, this court would have to adhere to the earlier panel decisions.

In any event, this court does not read the recent cases as signaling such a retreat. One of those cases, *Webb,* was careful do explain why its holding did not violate what the Court described as the "rule" of plaintiff-viewpoint set forth in *Alfonso. Webb,* 89 F.3d at 257 n. 1. And the Eleventh Circuit, which is bound by Fifth Circuit precedent rendered prior to October 1, 1981, recently held that *Vraney* and *Alfonso* "firmly establish that this circuit has adopted the plaintiff-viewpoint rule." *Ericsson GE Mobile v. Motorola Communications,* 120 F.3d 216, 219 (11th Cir.1997). The Eleventh Circuit also noted *Webb*'s indication in 1996 that the plaintiff-viewpoint rule is still controlling. *Ericsson,* 120 F.3d at 219–20.

**Conclusion**

There is plainly no allegation or evidence that, from the Plaintiff's viewpoint, the value of the injunction exceeds $75,000. That conclusion, together with those made above on the other jurisdictional issues, means that this court lacks subject matter jurisdiction. The case must be remanded. 28 U.S.C. § 1447(c). Accordingly, the Motion to Remand (Doc. 8) is **GRANTED,** and this case, subject to the stay set forth in the accompanying Order, will be remanded to the First Judicial District Court, Caddo Parish, Louisiana, for lack of subject matter jurisdiction.[5]

4. In *Alfonso,* landowners sued an airport for damages to the value of homes caused by the airport and prayed for an injunction against the use of the property for take-off and landing by jet passenger aircraft. The Court first applied the quoted rule and found that the plaintiffs did not allege a sufficient amount of damage to their homes. The Court went on to expressly reject an argument that the

amount in controversy was the value to the defendants of the air rights that the plaintiffs sought to enjoin.

5. As the subject motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority

### ORDER OF REMAND

For the reasons stated in the Memorandum Ruling issued this date,

**IT IS ORDERED** that this action be **REMANDED** to the **FIRST JUDICIAL DISTRICT COURT, CADDO PARISH, LOUISIANA.**

This Order shall be **STAYED** until Jan. 9, 2001. Any appeal to the District Judge must be filed by Jan. 8, 2001. If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the Clerk shall remand the action forthwith.

thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).