### Frances PERRY, Individually and on Behalf of All Others Similarly Situated

v.

### HARTFORD INSURANCE COMPANY OF THE MIDWEST

No. 1:01–CV–706.

United States District Court,
E.D. Texas,
Beaumont Division.

March 4, 2002.

James Andrew Holmes, Wellborn, Houston, Adkison, Mann Sadler & Hill, Henderson, TX, for plaintiff.

John H. Marks, Jr., Carl C. Scherz, Lock Liddell & Sapp, Dallas, TX, Elizabeth Carol Freeman, Lock Liddell & Sapp, Houston, TX, for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

In July 1999, Frances Perry, the plaintiff, purchased personal automobile liability insurance from Hartford Insurance Company of the Midwest (Hartford). Perry claims she executed a Hartford selection/rejection form, but did not reject either PIP or UM/UIM coverage. On August 2, 2000, Perry was involved in an automobile accident with Frank Ealand. On October 3, 2000, Hartford paid Perry $2,500 to settle her PIP claim and $20,000 to settle her UM/UIM claim. Then on September 4, 2001, Perry initiated suit in Texas state court against Hartford on behalf of herself and all Texas insureds who executed similar Hartford selection/rejection forms, requesting a judicial declaration that Hartford's forms are invalid as a matter of law, and therefore, that all persons executing such forms are entitled to a greater amount of PIP and UM/UIM coverage.

On October 11, 2001, Harttford removed the case to federal court, and plaintiff filed a motion to remand, claiming that this court does not have jurisdiction because she, as a potential class representative, has not sued for, and cannot under the most favorable circumstances, recover more than $75,000, and because she, as the only known plaintiff in a potential class action, has not sued for the requisite amount to confer diversity jurisdiction. Class certification has not been made by this court.

Hartford, unsurprisingly, disagrees with Perry and her attorneys. Hartford in its papers says it has many thousands of policyholders in Texas. As such, Hartford contends that the aggregate of the damages that will be claimed by the class

representatives, will be in the millions of dollars, and that the costs of notification to its thousands of policyholders will greatly exceed the jurisdictional amount of $75,000. Further, it asserts that the attorneys' fees to be set by the court will also be in the hundreds of thousands, if not millions of dollars. For all of those reasons, Hartford claims that it is obvious that the jurisdictional amount has been met.

### PERRY'S ACTUAL CLAIM

■ Perry actually claims that her requested monetary damages are actually $12,500 (Plaintiff's reply to defendant's response to plaintiff's motion to remand) (Doc. 16, Plaintiff's reply). Perry also states, in response to Hartford's reply to plaintiff's motion, that at most, even using Hartford's figures, her maximum recovery if she is successful is only $37,500 for the three-year policy. She also disclaims any interest to seek attorney's fees for herself if the class is not certified, and will pay her own attorney's fees under such circumstances.

The class may or may not be certified. Aggregation of potential claim does not meet the jurisdictional amount if the original plaintiff does not satisfy the jurisdictional amount.

■ In the Fifth Circuit there is a requirement that the claim of the named plaintiff must be for more than $75,000. In *H & D Tire, etc., v. Pitney Bowes, 250 F.3d* 302, 304–06 (5th Cir.2001), the court held in denying a motion for rehearing and *en banc* rehearing:

Aggregation was the only basis for sustaining removal in the face of the capped claims on behalf of individuals. Yet damages of individual class members cannot be aggregated across a class. That is the law of the Fifth Circuit, even as regards punitive dam-

ages... We cannot "interpret" Rule 23 of the Federal Rules of Civil Procedure to alter the settled rule that distinct claims cannot be aggregated to meet the amount in controversy requirement. Nor have we been pointed to controlling law establishing that, in claiming punitive damages, class members were seeking "to enforce a single title or right in which they have a common and undivided interest."

No individual class member stated a claim approaching the jurisdictional requirement, then $50,000. The three named plaintiffs affirmatively documented their damages as $72,254, and $990 respectively, and the district court found those damages as a fact. Pitney Bowes does not challenge these numbers. As we explained, attorneys for the plaintiffs stated in a declaration filed with the district court that the amount in controversy for any individual plaintiff "does not, never did, and never will exceed the sum or value of $50,000, exclusive of interest and costs. This includes any claim for actual, exemplary or other damages.

.    .    .    .    .

... Specifically, the provisions of the complaint relied upon by defendants claim damages on behalf of the individual plaintiffs *and* the plaintiff class. These allegations will not support jurisdiction because, as we have explained, the claimed damages cannot be aggregated across a class. In the separate section of each of their amended complaints in which individual claims were asserted, the plaintiffs alleged that "individual actual damages would not exceed $30,000." The pleading is not sufficient to confer federal jurisdiction, and here these separate pleadings are reinforced by the explicit disclaimer of any damages exceeding that amount on behalf of any class member."

*See also, Manguno v. Prudential Property & Casualty Insurance Co.*, 276 F.3d 720 (5th Cir.2002); *In re Abbott Laboratories*, 51 F.3d 524, 529 (5th Cir.1995); *Marze v. Ford Motor Co.*, 176 F.Supp.2d 596 (E.D.La.2001); *Alfonso v. Hillsborough Co. Aviation Auth.*, 308 F.2d 724 (5th Cir. 1962); *Hill v. Hom/Ade Foods, Inc.*, 136 F.Supp.2d 605 (W.D.La.2000); *LeBlanc v. Colonial Pipeline Co.*, 49 F.Supp.2d 922 (E.D.Tex.1999), and *Gooding v. Allstate Insurance Co.*, 2000 WL 626856 2000 U.S. Dist, LEXIS 6607 (N.D.Tex.2000).

Accordingly, the plaintiff's motion to remand is GRANTED at defendant's cost.