Richard P. LE BLANC, Jr., et al., Plaintiffs,

v.

COLONIAL PIPELINE COMPANY, Defendant.

No. 1:99–CV–0060.

United States District Court, E.D. Texas, Beaumont Division.

May 10, 1999.

Anthony G. Brocato, Sr, Brocato & Brocato, Robert Keith Wade, Wade & Gilmore, Beaumont, TX, for Plaintiffs

Leanne Johnson, Orgain Bell & Tucker, Beaumont, TX, for Defendant.

## ORDER DENYING PLAINTIFFS' MOTION TO DISMISS

SCHELL, District Judge.

Before the court is "Plaintiffs' (the "Le Blancs") Motion to Dismiss Defendant's Counterclaim for Condemnation for Lack of Jurisdiction," filed on March 25, 1999.[1] Defendant Colonial Pipeline Company ("Colonial") filed a response on March 31, 1999, to which the Le Blancs replied on April 5, 1999. Upon consideration of the parties' submissions and the applicable law, the court is of the opinion that the Le Blancs' motion to dismiss should be DENIED.

## BACKGROUND

The Le Blancs originally filed suit in state court seeking to quiet title on certain real property located in Jefferson County, Texas, and to remove Colonial's pipelines from that same real property. After timely removing the matter to federal court, Colonial answered "Plaintiffs' Second Amended Original Petition," including a number of counterclaims. Among those counterclaims is an action for condemnation, plead in the alternative, which is the subject of the Le Blancs' motion.

The Le Blancs contend that the court lacks subject matter jurisdiction to entertain Colonial's alternative counterclaim for

condemnation. First, the Le Blancs argue that the counterclaim is not compulsory. Second, they believe that condemnation is not part of the same case or controversy as the Le Blancs' own claims and would, therefore, not be included under supplemental jurisdiction. Third, the Le Blancs deny that a federal question exists because the only federal statute authorizing eminent domain for a pipeline does not apply in the present case. Finally, the Le Blancs assert that Colonial has failed to establish diversity jurisdiction under 28 U.S.C. § 1332. According to the Le Blancs, Colonial has not made a statement that the matter in controversy exceeds $75,000.

## ANALYSIS

Without addressing the issues of supplemental and federal question jurisdiction, the court, nonetheless, finds that subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1332. That section provides that the district courts shall have original jurisdiction of all civil actions where 1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) is between citizens of different states.

■ Here, the Le Blancs only challenge the existence of the first prong, also known as the amount in controversy requirement. "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'"[2] If the claim appears to a legal certainty to be less than the jurisdictional amount, then the court may dismiss the claim for lack of jurisdiction.[3] Under this test, Colonial appears to have satisfied the amount in controversy requirement be-

1. The Le Blancs also filed a "Motion to Set Aside Defendant's Leave to Amend So As to Deny Leave to File Counterclaim for Condemnation" on March 18, 1999. Because that motion and the motion to dismiss concern the same issue, the court hereby consolidates the two motions.

2. *Nat'l Union Fire Ins. Co. v. Russell,* 972 F.2d 628, 630 (5th Cir.1992) (quoting *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961)).

3. *See id.*

cause its counterclaim alleges that it will suffer damages in excess of $75,000 if condemnation does not occur and because nothing indicates to a legal certainty that this counterclaim is equal to or less than the statutory amount.[4]

But unlike in a typical amount in controversy dispute, the Le Blancs do not argue that Colonial's damages claim is not in excess of $75,000 or that the claim appears to a legal certainty to be less than the jurisdictional amount. Rather than question whether *Colonial's amount of damages will be in excess of $75,000, exclusive of interest and costs,* the Le Blancs essentially contend that Colonial has failed to plead the proper *matter in controversy.* They believe that the "operative fact in condemnation is value alone."[5] Thus, the Le Blancs argue that the matter in controversy whose sum or value must exceed $75,000 is the *value of the property to be condemned,* not the damages that Colonial will suffer.[6] Because Colonial has not affirmatively stated that the value of the property to be condemned is greater than $75,000, the Le Blancs maintain that Colonial's counterclaim allegation does not satisfy the amount in controversy requirement.

Despite an abundance of cases on diversity jurisdiction, no case directly answers the Le Blancs' argument that the amount in controversy in an eminent domain proceeding can only be the value of the property to be condemned. Part of this stems from the fact that most condemnation hearings are held in state court. Notwithstanding this lack of case law, the Le Blancs' argument fails for two related reasons.

First, "[t]he value to the plaintiff of the right to be enforced or protected determines the amount in controversy."[7] Therefore, a federal court examines a claim's amount in controversy from the perspective of the plaintiff, not the defendant. Because Colonial is the plaintiff in the counterclaim, what is at stake for Colonial dictates the amount in controversy. While the Le Blancs may view the value of the property as the matter in controversy, Colonial obviously sees it differently.

Second, the Le Blancs' argument depends on an overly narrow analysis of the issues involved in an eminent domain proceeding. Contrary to their assertion, a condemnation hearing may implicate issues other than value, including: 1) whether the condemnor has the right to eminent domain and 2) whether the taking is proper, i.e., for a public use.[8] Rule 71A of the Federal Rules of Civil Procedure purposely includes section (e) to address these concerns. If the court were to find that a condemnor had no authority or that a taking was not for a public purpose, then the condemnor would lose the entire action and the value of the property would be immaterial. In light of this possibility, a party that brings an eminent domain action may not view the amount in controversy to be the potentially assessed value of the property but the damages that the condemnor will suffer if condemnation does not occur. Concomitantly, the potential award in a condemnation hearing, i.e., the value of the property, is really more indicative of the amount in controversy for the condemnee, not the condemnor.

---

4. (*See* Colonial Pipeline Co.'s Original Answer to Pls.' Second Am. Original Pet. & Colonial Pipeline Co.'s Countercl. ¶ 28.)

5. (*See id.* ¶ 3.)

6. (*See* Pls.' Mot. to Dismiss Def.'s Countercl. for Condemnation for Lack of Jurisdiction ¶ 6 ("[Diversity jurisdiction] requires a statement that ... the value of the pipeline condemnation exceeds $75,000 exclusive of interest.").)

7. *See Alfonso v. Hillsborough County Aviation Auth.,* 308 F.2d 724, 727 (5th Cir.1962); *see also Dixon v. Ford Motor Credit Co.,* No. Civ. A. 98–1633, 1998 WL 440304, at *4 (E.D.La. July 31, 1998) ("Fifth Circuit follows a plaintiff's viewpoint rule ....").

8. *See generally Anderson v. Teco Pipeline Co.,* 985 S.W.2d 559 (Tex.App.—San Antonio 1998, no pet.) (reviewing whether pipeline company had power of eminent domain and whether the taking was for a public purpose).

In the present case, Colonial asserts that it will suffer damages in excess of $75,000 if condemnation does not occur. That allegation satisfies the amount in controversy requirement for diversity jurisdiction.

## CONCLUSION

Because Colonial has properly pleaded diversity and, therefore, subject matter jurisdiction, the court ORDERS that "Plaintiffs' Motion to Dismiss Defendant's Counterclaim for Condemnation for Lack of Jurisdiction" is hereby DENIED.